Forrest Lee STOKES, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–04–00518–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 14, 2006.

Shawna L. Reagin, Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

Challenging his conviction for theft as a third-time offender, appellant Forrest Lee Stokes asserts that the trial court (1) abused its discretion by failing to conduct a hearing on his motion for new trial and (2) wrongly deprived him of his right to

testify on his own behalf at trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

David Gilliam, the assistant manager of one of Houston's Home Depot stores, saw appellant walk out of the store while putting two items of merchandise—a sensor and a generator—down his pants. The items had an aggregate value of $85.00. When Gilliam asked appellant for a receipt for this merchandise, appellant responded, "Who the f—are you?" Gilliam replied that he was the store manager and asked appellant to return the merchandise. At that point, a police officer asked Gilliam if he needed assistance. Gilliam replied that he did, and the two men then escorted appellant back inside the store to the manager's office.

Inside the store, appellant was again questioned about the merchandise and he stated that he took the items because he needed money to purchase a kitchenette. Store personnel summoned the Harris County Sheriff's Office, and appellant was arrested for theft.

Appellant had several prior convictions. Two of them—in 1997 and 2003—were felony theft convictions and so appellant was charged with the felony offense of theft as a third-time offender. Appellant pleaded "not guilty" to the offense, but a jury found appellant guilty. After finding the enhancement paragraphs of the charging instrument true,[1] the jury assessed punishment at fifteen years' confinement.

Appellant filed a motion for new trial alleging ineffective assistance of counsel, specifically contending that his trial counsel had failed to independently investigate the circumstances of the offense prior to trial and subpoena certain witnesses. No hearing was held on the motion for new trial, and it was overruled by operation of law.

## II. ISSUES AND ANALYSIS

On appeal appellant asserts (1) the trial court abused its discretion by failing to hold a hearing on his motion for new trial; and (2) the trial court deprived him of his right to testify on his own behalf.

### A. Did the trial court abuse its discretion by failing to conduct a hearing on appellant's motion for new trial?

■ In response to appellant's argument that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial, the State asserts that, although appellant timely filed his motion for new trial, appellant waived this complaint because he failed to properly present his motion to the trial court as required by Texas Rule of Appellate Procedure 21.6. *See* Tex. R. App. P. 21.6. Additionally, the State argues that even if appellant properly presented his motion for new trial, the trial court did not abuse its discretion by failing to hold a hearing because the supporting declaration is defective and conclusory.

---

1. The written judgment and sentence appear to reflect that the jury found both enhancement paragraphs to be "not true," but the jury's verdict form and the jury's statement during the sentencing proceeding reflect the opposite—that the jury found them to be true. Appellant does not appear to dispute the jury's finding of "true" to the enhancement paragraphs. Because it is clear by both the verdict form and the jury's statement during the sentencing phase that they found the enhancement paragraphs to be true, we have the power to reform this clerical mistake in the written judgment. *See* Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993). Accordingly, appellant's written judgment and sentence are reformed to reflect that the jury found both enhancement paragraphs to be true.

If a defendant desires a hearing on a motion for new trial, it is incumbent upon the defendant to present the motion to the trial court within ten days of its filing in order to put the trial court on actual notice that he desires the trial court to take some action on the motion for new trial. *See* Tex. R. App. P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 78 (Tex.Crim.App. 1998). When a defendant properly presents a motion for new trial raising matters not determinable from the record, upon which he could be entitled to relief, the trial court abuses its discretion in failing to hold a hearing. Tex. R. App. P. 21.7; *see also Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993) (citing to former Texas Rule of Appellate Procedure 31(d), which is essentially the same as current Texas Rule of Appellate Procedure 21.7). In this context, to "present" a motion means the record must show that the movant for a new trial actually delivered the motion for new trial to the trial court or otherwise brought the motion to the attention of the trial court. *Carranza*, 960 S.W.2d at 79. Thus, the mere filing of a motion for new trial alone is not sufficient to show presentment. *Id.* at 80.

In *Carranza*, the appellant filed a motion for new trial based on newly discovered evidence. 960 S.W.2d at 77. Attached to this motion was an order with a signature line for the trial court to indicate whether it was granting or denying the motion and a fiat with space for the trial court to set a hearing date for the motion for new trial. *Id.* Neither the order nor the fiat contained the trial court's signature or a hearing date. *Id.* No hearing was held on the appellant's motion for new trial. *Id.* The Court of Criminal Appeals found nothing in the record to indicate that the appellant had delivered his motion for new trial to the trial court or that the appellant otherwise had brought the motion to the attention or actual notice of the

trial court. *Id.* Therefore, the high court held that the appellant had failed to "present" his case to the trial court and upheld the overruling of his motion for new trial by operation of law. *Id.* at 77, 80.

The Court of Criminal Appeals stated that "[t]he presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Id.* at 81. The Court of Criminal Appeals did not intend this list to be exhaustive, but merely suggestive as to how one may fulfill the communication requirement for presenting a motion for new trial. *Id.* At the same time, the Court of Criminal Appeals overruled its prior opinion in *Green v. State*, 754 S.W.2d 687 (Tex.Crim.App.1988), in which it had held that a *"written* notation on the proposed order was proper presentment and put the trial court on notice that the appellant desired a hearing." *Id.* at 80 n. 6. The *Carranza* court stated: "[a] notation on a motion for new trial under circumstances not revealed by the record like the one in *Green* is not sufficient to show 'presentment' because, among other things, such a notation does not establish that it is the 'judge's notation.' " *Id.* The *Carranza* court cited with approval a footnote from the dissenting opinion in *Green*, which stated that, for a handwritten notation to be evidence of presentment, it must be signed by the trial judge. *See id.* Therefore, for a handwritten statement on a docket sheet to be evidence that the motion for new trial was presented to the trial court, it must be signed by the trial judge. *See id.; Montoya v. State*, No. 14–96–00782–CR, 1998 WL 132909, at *3 (Tex. App.-Houston [14th Dist.] March 26, 1998, no pet.) (not designated for publication) (stating that, under *Carranza*, a handwritten entry used to show presentment must be signed by the trial judge).

In *Daniels v. State,* this court held that a docket entry stating, "Motion for New Trial was presented to the Court" was sufficient to show presentment. 63 S.W.3d 67, 69 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd). This court's holding in *Daniels,* however, does not control the outcome of the instant case because *Daniels* does not address the issue of presentment in the factual context presented by the record now before us. Because *Daniels* followed the *Carranza* opinion, we presume, although it is not specifically mentioned in the *Daniels* opinion, that the docket in entry *Daniels* was signed by the trial judge. In the instant case, appellant filed a motion for new trial, including a request for a hearing, with a blank order for setting the date and ruling on the motion for new trial. All of the forms provided remain blank and contain no signatures or notations by the trial court. On the docket sheet, there are two separate handwritten entries for what appears to be June 17, 2004. One entry reads, "MNT filed—presented," but this entry is crossed out. The other entry reads, "Motion for New Trial presented to court no ruling per judge." Neither of these entries are signed, nor do they indicate they were made by the trial judge. The handwriting for these entries appears to be different from the handwriting for entries made by the trial judge during trial. Further, the fact that one of the entries refers to the "judge" indicates that the entry was not made by the trial judge. We cannot presume the notations at issue, were, in fact, made and signed by the judge. Because these entries are not signed by the judge, they do not constitute sufficient presentment under *Carranza.* *See Carranza,* 960 S.W.2d at 80 n. 6.; *Montoya,* 1998 WL 132909, at *3. Furthermore, the record in this case does not indicate that the trial court ever set the motion for a hearing or ruled on it. *See Carranza,* 960 S.W.2d at 79–80 (stating that among other methods, presentment can be shown by a hearing date set on the docket); *see also Longoria v. State,* 154 S.W.3d 747, 762–63 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd) (holding that although the record contained a "Notice of Presentment of Motion for New Trial," the record is devoid of any showing that appellant actually presented the motion for a ruling). There is nothing in our record to indicate that the appellant brought the motion for new trial to the attention or actual notice of the trial court.

Under *Carranza,* this record fails to indicate that the appellant properly presented his motion for new trial to the trial court. Accordingly, the trial court did not abuse its discretion in failing to conduct a hearing on appellant's motion for new trial. We overrule appellant's first issue.

**B. Did the trial court deprive appellant of his right to testify on his own behalf?**

■ In his second issue, appellant contends that the trial court misstated the law concerning the admissibility of his prior convictions if he testified, thereby rendering his decision to testify involuntary. At trial, the following exchange occurred:

> The Court: The State has rested, Mr. Fosher. Are we ready to argue? Do you-all intend to put on any evidence?
>
> Mr. Fosher [Defense Counsel]: Judge, I intend to rest, put on no evidence at guilt or innocence. Mr. Stokes had informed me that he wants to testify at guilt or innocence. My advice is to not do that.
>
> The Court: Mr. Stokes, I need to ask you some questions, sir. You understand that you have the absolute right not to testify if you [sic] want to?
>
> The Defendant: Yes, ma'am, I do.
>
> The Court: All right. And your lawyer tells me that you want to testify in this

case, in this part of the trial; is that correct?

The Defendant: Yes, ma'am.

The Court: Okay.

The Defendant: Yeah. The reason I feel like I want to testify, he has—I feel like he hasn't presented a good case, period, in this issue.

The Court: Okay.

The Defendant: For one, about the issues on the cameras in the store. They don't have no evidence, whatsoever, that I was even in the store. And even if I was stealing something in that store, what he is claiming I done, that would be most—the idiotic thing to do is to pull up you shirt where even customers can see it right there and say like here's the evidence right here.

The Court: Okay. Well, I am sure Mr. Fosher explained to you that it is up to the jury to believe or not believe any witness's testimony.

I just want make sure if you want to testify, that is your absolute right to do that; but, if you want to testify, you need to be aware that if you have prior convictions, that those prior convictions will be admissible before the jury in this part of the trial, so.

The Defendant: I understand.

The Court: All right. If you don't testify, they are not admissible in this part of the trial.

Mr. Fosher: Judge, he has seen the light and he agrees to not testify at this part of the trial.

The Court: Is that what you want to do? Is that your wish?

The Defendant: Yes ma'am.

The Court: All right.

Appellant then rested, and made no further complaints. On appeal, appellant asserts that the trial court told him that if he testified during the guilt-innocence phase, then his prior convictions would be admissible. Appellant contends, however, that only his prior convictions for felonies and crimes involving moral turpitude were admissible. Appellant further asserts that several of his prior convictions would not have been admitted had he testified, based on the discretionary evaluation under Texas Rule of Evidence 609 and the *Theus* factors. *See* Tex. R. Evid. 609(a), (b); *Theus v. State,* 845 S.W.2d 874, 880–82 (Tex.Crim.App.1992) (setting forth factors for balancing probative value versus prejudicial effect under Rule 609). The trial court's statement that prior convictions are admissible is not the same as stating that the convictions would be admitted. Nonetheless, appellant appears to have convictions that are not felonies and do not involve crimes of moral turpitude. For the purposes of our analysis, we presume, without deciding, that the trial court incorrectly indicated to appellant that his misdemeanor convictions for crimes not involving moral turpitude would be admissible if he testified.

Although appellant complains that the trial court's alleged misstatement of the law deprived him of his ability to freely choose whether to testify, neither appellant nor the State have cited any cases involving such a claim. Presuming that such a claim may be made, we conclude that it would fall under the third *Marin* category of rights that are to be implemented upon request. *See Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993). Therefore, appellant's assertion that the trial court made a misstatement that made his decision to testify involuntary is subject to procedural default. Because appellant did not raise this complaint in the trial court, we conclude that he failed to preserve error. *See* TEX. R. APP. P. 33.1.; *Bryant v. State,* No. 05–01–00850–CR, 2002 WL 1315907, at *1 (Tex.App.-Dallas

June 18, 2002) (not designated for publication) (holding that appellant's argument that the trial court's ruling precluded him from testifying on his own behalf was waived because appellant failed to make any such objection at trial); *see also Lopez v. State,* 990 S.W.2d 770, 776 (Tex.App.-Austin 1999, no pet.) (stating that "[a] defendant does not have the right to testify free from impeachment."); *Caballero v. State,* 919 S.W.2d 919, 923 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd) (holding that because the defendant actually never testified in light of the trial court's ruling allowing the State to impeach a defendant with prior convictions, he failed to preserve error). Appellant also failed to preserve error because he did not make a record as to what his testimony would have been. *See Guidry v. State,* 9 S.W.3d 133, 153 (Tex.Crim.App.1999).

■ Further, even if appellant had preserved error, appellant has not shown that the trial court's alleged misstatement rendered his decision not to testify involuntary. The record indicates that appellant's trial counsel already had counseled him as to the issues involved in deciding whether to testify. It also appears from the record that appellant had further discussions with his counsel after the trial court's alleged misstatements. None of appellant's discussions with his counsel are in our record. Appellant's counsel may have advised him both before and after the trial court's statements that only his prior convictions for felonies and crimes of moral turpitude were potentially admissible, but that based on appellant's various convictions, counsel recommended that appellant not testify.[2] Furthermore, the record does not reflect what effect, if any, the trial court's alleged

misstatement had on appellant's decision not to testify. Therefore, we conclude that even if appellant had preserved error, appellant has not shown that the trial court's alleged misstatement rendered his decision not to testify involuntary. *See Morgan v. State,* 891 S.W.2d 733, 736 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (stating that there is no authority to support the argument that the threat of impeachment unconstitutionally prevented appellant from presenting a defense). Accordingly, we overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's judgment.

---

2. Appellant had prior convictions for felony theft in 2003; theft from a person in 2001; felony theft in 1997; felony theft in 1993; misdemeanor theft in 1992; burglary in 1991; felony theft in 1990; felony driving while intoxicated (DWI) offenses in 1989, two misdemeanor DWI offenses in 1984, and a misdemeanor DWI offense in 1982.