IN THE COURT OF CRIMINAL APPEALS

OF TEXAS






No. PD-0417-06






FORREST LEE STOKES, Appellant


v.


THE STATE OF TEXAS






On Discretionary Review of Case 14-04-00518-CR of the

Fourteenth Court of Appeals,

Harris County





 Womack, J., delivered the opinion for a unanimous Court.



 The question in this case is whether a docket-sheet entry was sufficient to show
"presentment" of a motion for new trial to the trial court. We hold that it in this case it was.

 The appellant was convicted of felony theft and sentenced to fifteen years' confinement.
He timely filed a motion for new trial alleging ineffective assistance of counsel. No hearing was
held on the motion, which was overruled by operation of law.

The Presentment Rule


 A defendant is required to "present" a motion to the trial court within ten days of filing it,
unless the court, in its discretion, extends that time period. (1) Merely filing the motion is not
sufficient alone to show presentment. (2) The trial court must rule on the motion by written order
within seventy-five days after imposing sentence. (3) If it fails to do so by the expiration of this
period, the motion is deemed denied. (4) The purpose of the presentment rule is "to put the trial
court on actual notice that a defendant desires the trial court to take some action on the motion
for new trial such as a ruling or a hearing on it." (5)

 In Carranza, this court held that the term "present," as used in the predecessor to Rule
21.6, means:

[T]he record must show the movant for a new trial sustained the burden of actually
delivering the motion for new trial to the trial court or otherwise bringing the motion
to the attention or actual notice of the trial court. This may be accomplished in
several ways such as, for example, obtaining the trial court's ruling on a motion for
new trial. (6)

 The Carranza Court said that its holding was "essentially the same holding as that set out
in [a concurring] opinion" written by Judge Overstreet. (7) That opinion stated that the presentment
"must be directed to the trial court or another authorized to act on behalf of the trial court," and it
"may be evidenced by the judge's signature or notation on a proposed order or by a hearing date
set on the docket. This list is not meant to be exhaustive, but merely suggestive as to how one
may fulfill the communication requirement for presenting a motion for new trial." (8)

 Carranza also expressly overruled Green v. State, to the extent that it relied on a
particular notation as being sufficient to show presentment. (9) There, a proposed order setting a
date for a hearing was attached to a motion for new trial. (10) A written notation on the proposed
order indicated that the motion was presented to the trial judge on October 15, 1985. (11) The Green
Court had found this notation to be sufficient to put the trial court on notice that the appellant
desired a hearing on the motion. (12) The Carranza Court found such a notation to be insufficient to
show presentment "because, among other things, such a notation does not establish that it is the
'judge's notation.'" (13) In the same footnote, Carranza supported this proposition by citing to a
footnote in Presiding Judge Onion's dissenting opinion in Green, (14) which made clear that the
notation was unsigned and unidentified. (15)

The Proceedings in This Case

 The appellant in the instant case filed his motion for new trial on June 17, 2004, the same
day that he claims to have presented it to the trial court. The motion included a request for a
hearing, and attached to it was a proposed order to rule on the hearing and the motion. The
proposed order remained blank and without the trial judge's signature. The only indication that
the motion may have been presented to the trial court comes from two handwritten entries on the
docket sheet. Both entries are date-stamped June 17, 2004. One entry reads, "MNT filed-presented," with a few additional characters at the end which are undecipherable. This entry has
been crossed out. The other entry reads, "Motion New Trial presented to court no ruling per
judge." There are no initials, signatures, or other notations next to this entry.

 The appellant claimed on direct appeal that the trial court abused its discretion by failing
to rule on or hold a hearing on the motion for new trial. The Fourteenth Court of Appeals did not
reach the merits of this question because it held that the appellant had not met the threshold
requirement for presentment of the motion to the trial court. (16) The Court quoted the statement in
Carranza that the notation in Green was insufficient because it could not be attributed to the trial
judge. (17) It also referred to the Carranza opinion's citation to the footnote in Presiding Judge
Onion's dissent in Green. (18) The Court of Appeals interpreted these statements in Carranza to
hold, "Therefore, for a handwritten statement on a docket sheet to be evidence that the motion for
new trial was presented to the trial court, it must be signed by the trial judge." (19)

 The Court of Appeals also discussed its opinion in Daniels v. State. (20) Daniels concerned
the same issue as the instant case. (21) There, presentment was evidenced by a handwritten docket
entry, dated November 29, 1999, which read, "Motion For New Trial was presented to the
Court." (22) The Fourteenth Court found this notation to be sufficient to satisfy the presentment
requirement of Rule 21.6. (23)

 The Court justified reaching different conclusions in Daniels and in this case by
distinguishing the facts of each. The Court said, "Because Daniels followed the Carranza
opinion, we presume, although it is not specifically mentioned in the Daniels opinion, that the
docket in entry [sic] Daniels was signed by the trial judge." The Court then noted that the entries
in this case were unsigned and gave no indication of having been made by the trial judge. The
Court concluded, "We cannot presume the notations at issue, were, in fact, made and signed by
the judge. Because these entries are not signed by the judge, they do not constitute sufficient
presentment under Carranza." (24)

 The Court ultimately concluded that, because the appellant had not properly presented his
motion, the trial court did not abuse its discretion in failing to hold a hearing. (25)

The Issues


 On petition to this court, the appellant raises three grounds for review.

 1. The Court of Appeals erred by creating a "presumption of irregularity" to
justify ignoring the trial court record concerning presentment of Appellant's Motion
for New Trial.

 2. The Court of Appeals erred by misstating its own precedent, along with
that of the Court of Criminal Appeals, to conclude that a docket-sheet entry reflecting
presentment of Appellant's Motion for New Trial is insufficient to show the motion
was actually presented.

 3. The Court of Appeals erred by confusing a written order constituting
appealable error with the documentation necessary to reflect the threshold
requirement of presentment of a Motion for New Trial.


Because the grounds center on the same issue and were argued together in the appellant's brief,
we address them as one here.

 Carranza did not discuss all of the ways in which the presentment requirement might be
fulfilled. But the one thing about which we can have no doubt after Carranza is that there are
many ways to show presentment of a motion for new trial to the trial court. The opinion
expressly said so. (26) It also gave examples of those communications which will and will not
suffice. "[O]btaining the trial court's ruling on a motion for new trial," (27) for example, is
sufficient, as is a judge's signature on a proposed order. (28) On the other hand, merely filing a
motion is insufficient. (29)

 With regard to the Court of Appeals' discussion of Daniels, if the docket-sheet entry in
that case had been signed by the judge, it would fall within the category of communications that
meet the presentment requirement. But that does not mean that there are no other ways of
showing that a motion for new trial has been presented to the trial court.

 Although Carranza overruled the holding in Green that an unsigned notation on a
proposed order satisfies the presentment requirement, (30) that notation was significantly different
from the one in the instant case, which was on a docket sheet. Proposed orders are prepared by,
and in the possession of, the defense attorney (or the defendant pro se). An unsigned notation on
such a document cannot confidently be attributed to the court. This is the basis of the Carranza
requirement that there be some indication that the notation on such a document be a "judge's
notation."

 A docket sheet, on the other hand, is far more reliable as an indicator of the trial judge's
decisions and the business of the court. It is more likely that only the judge and those authorized
to act on his or her behalf have access to the docket sheets and can make entries to them. It may
be unnecessary to require an additional showing that a docket-sheet entry properly reflects the
events of any particular case. We may therefore presume that the notation on the docket sheet in
this case gives an accurate account of the motion's disposition without need for the trial judge's
signature.

 The Court of Appeals concluded that a handwritten statement on a docket sheet must be
signed by the trial judge. It stated, with regard to Judge Onion's dissenting opinion, "The
Carranza court cited with approval a footnote from the dissenting opinion in Green, which stated
that, for a handwritten notation to be evidence of presentment, it must be signed by the trial
judge." (31) We do not read Judge Onion's footnote to stand for such a rule. The footnote says:

The majority says the motion was "timely  presented to the court." What the
majority does not make clear is that this statement is based only on an unsigned and
unidentified handwritten notation on the last page of the said motion "Presented to
Judge 10-15-85. No Date set on hearing." Who made such notation is not shown by
the record and it is not supported elsewhere in the record. This Court is not informed
what "presentation" meant to the individual making the notation, be he or she a legal
secretary, law clerk, "gofer," attorney, clerk or whoever. Nor are the circumstances
under which the motion was "presented" revealed. (32)


 Nowhere here is it expressly stated that a judge's signature is necessary to satisfy the
requirement. And we do not read the Carranza court's use of the footnote to support the
proposition that a signature is the exclusive method for showing that a notation was in fact the
"judge's notation." Furthermore, as we discussed above, a notation on a proposed order and an
entry on a docket sheet are sufficiently distinguishable that we think the Court of Appeals drew
an incorrect conclusion in looking to the requirement for a "judge's notation" in order to support
its determination that a judge's signature is necessary on a docket sheet.

 What we may take, then, from the Carranza evaluation of Green, is to add to the short list
of examples of what does and does not constitute presentment. For we know that a notation such
as that described in Judge Onion's footnote (an anonymous notation at the end of a proposed
order) will not suffice. Aside from this, many options for fulfilling the requirement may remain.

 The State raises a jurisdictional issue based on the factual-conclusivity clause of the
Texas Constitution. The clause provides that the decision of a direct-appeal court "shall be
conclusive on all questions of fact brought before them on appeal or error." (33) The State
acknowledges that this court has jurisdiction to review whether the Court of Appeals used the
proper standard in analyzing the adequacy of the appellant's presentment of the motion. It argues,
however, that this court does not have jurisdiction to disturb the Court of Appeals' factual
findings regarding the reliability of the docket-sheet entry. We reject the State's contention
because this was not a question for a fact-finder, such as a trial court or a jury. Rather, this is a
question of procedural requirement subject to modification by the rule-making power of the
Court. In this instance, the factual-conclusivity clause does not limit this court's authority to
review the Court of Appeals' decision.

Conclusion

 The docket-sheet entry, "Motion New Trial presented to court no ruling per judge," was
sufficient to show that the motion was presented to the trial court as required by Rule 21.6. We
vacate the judgment of the Court of Appeals and remand this case to that court for an analysis of
the merits of the appellant's claim.

Delivered February 11, 2009.

Publish.
1. Tex. R. App. P. 21.6. Rule 21.6 states: "The defendant must present the motion for new trial to the trial
court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75
days from the date when the court imposes or suspends sentence in open court."
2. Carranza v. State, 960 S.W.2d 76, 78 (Tex. Cr. App. 1998); Reyes v. State, 849 S.W.2d 812, 815 (Tex.
Cr. App. 1993).
3. Tex. R. App. P. 21.8(a), (b).
4. Tex. R. App. P. 21.8(c).
5. Carranza, 960 S.W.2d, at 78.
6. Id., at 79.
7. Id., at 79-80.
8. Id., at 81 (Overstreet, J., concurring).
9. Id., at 80 n.6 (overruling Green, 754 S.W.2d 687 (Tex. Cr. App. 1988)).
10. Green, 754 S.W.2d, at 687.
11. Ibid.
12. Ibid.
13. Carranza, 960 S.W.2d, at 80 n.6 (quoting Carranza, 960 S.W.2d, at 81 (Overstreet, J., concurring)).
14. Ibid. (citing Green, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting)).
15. Green, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting).
16. Stokes v. State, 221 S.W.3d 101, 105 (Tex. App.--Houston [14th Dist.] 2006).
17. Id., at 104 (quoting Carranza, 960 S.W.2d, at 80 n.6)
18. Ibid. (citing Carranza, 960 S.W.2d, at 80 n.6).
19. Ibid.
20. 63 S.W.3d 67 (Tex. App.--Houston [14th Dist.] 2001).
21. Id., at 68.
22. Id., at 69.
23. Ibid.
24. Stokes, 221 S.W.3d, at 105.
25. Ibid.
26. Carranza, 960 S.W.3d, at 79.
27. Ibid.
28. Ibid. (adopting language of Overstreet, J., concurring opinion).
29. Id., at 78; Reyes, 849 S.W.2d, at 815.
30. Carranza, 960 S.W.2d, at 80 n.6.
31. Stokes, 221 S.W.3d, at 104.
32. Green, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting).
33. Tex. Const. art. V, § 6.