Affirmed and Opinion on Remand filed October 8, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00518-CR

_______________

 

FORREST LEE STOKES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                     

On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 963,902

                                                                                    


 

  O P I N I O N   O N   R E M A N D

A jury convicted appellant Forrest Lee Stokes of felony theft of
merchandise from a retail store.  After finding two enhancement paragraphs to
be true, the jury assessed punishment at fifteen years= confinement.  Appellant filed a
motion for new trial and requested a hearing.  The trial court did not hold a
hearing, and the motion was overruled by operation of law.

 








Procedural Background

On original submission, appellant raised two issues:  (1) the trial court
abused its discretion in failing to hold a hearing on his motion for new trial;
and (2) the trial court wrongly deprived him of his right to testify on his own
behalf at trial.  This court affirmed the judgment.  See Stokes v. State,
221 S.W.3d 101, 107 (Tex. App.CHouston [14th Dist.] 2006), vacated, 277 S.W.3d 20
(Tex. Crim. App. 2009).  We did not reach the merits of appellant=s first issue because we held that
the record failed to indicate that appellant properly presented his motion for
new trial to the trial court when the docket notations were in unknown
handwriting and not signed by the trial judge nor shown to have been made by
the trial court.  See id. at 105.  As to appellant=s second issue, we held that
appellant failed to preserve error.  See id. at 106B07. 

The Texas Court of Criminal Appeals granted review and held that a docket
entry in unknown handwriting was sufficient to show that the motion was
properly presented to the trial court.  See Stokes v. State, 277 S.W.3d
20, 23B25 (Tex. Crim. App. 2009).  The Court
of Criminal Appeals vacated the judgment of this court and remanded the case to
this court for an analysis of the merits of appellant=s first issue.  See id. at
25.  Therefore, on remand, we now address whether the trial court abused its
discretion by failing to hold a hearing on appellant=s motion for new trial.[1]


Factual
Background

Appellant timely filed a motion for new trial, in which he asserted he
received ineffective assistance of counsel, based on the following alleged
deficiencies by his trial counsel: 

(1)     failure
to subpoena a witness,

(2)     failure
to investigate the facts of the case and failure to interview certain
witnesses,








(3)     failure
to investigate the existence of videotapes that might have been created by
in-store video cameras,

(4)     failure
to investigate whether any of the State=s witnesses had any prior criminal record that could be
used to impeach credibility, and

(5)     refusal to
investigate the validity of one of the alleged prior convictions used to
enhance the range of punishment applied to appellant.   

The motion included a request for hearing.  No hearing was held, and the
motion was overruled by operation of law.

Analysis

In analyzing the first issue, we address whether the
trial court abused its discretion by failing to conduct a hearing on appellant=s motion for new
trial.  We review a trial court=s denial of a hearing on a motion for new
trial under an abuse-of-discretion standard, in which we reverse only if the
decision was so clearly wrong as to lie outside the zone within which 
reasonable persons might disagree.  See Smith v. State, 286 S.W.3d 333,
339 (Tex. Crim. App. 2009).  Absent such an abuse of discretion, an appellate
court is not justified in reversing the trial court=s judgment.  Id. 


To be entitled to a hearing on a motion for new trial, the
movant must raise one or more matters not determinable from the record and
establish the existence of reasonable grounds showing that he could be entitled
to relief.  See id.  Thus, as a prerequisite to a hearing when the
grounds in the motion are based on matters not already in the record, the
motion must be supported by an affidavit, either of the defendant or someone
else, specifically setting out the factual basis for the claim.  See id. 
The affidavit need not establish a prima facie case, or even reflect all
components required to establish relief.  See id.  It is sufficient if a
fair reading of the affidavit gives rise to reasonable grounds that could
entitle appellant to relief.   See id.  Affidavits that are conclusory
in nature and unsupported by facts do not provide the requisite notice of the
basis for the relief claimed; thus, in such circumstances no hearing is
required.  See id.








A defendant seeking to challenge counsel=s representation must establish that
his counsel=s performance was deficient and prejudiced his defense.  See id.
at 340.  To show deficiency, appellant must prove by a preponderance of the
evidence that his counsel=s representation objectively fell below the standard of
professional norms.  See id.  To show prejudice, appellant must show a
reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding would have been different.  A Areasonable probability@ is a probability sufficient to
undermine confidence in the outcome, meaning that counsel=s errors were so serious as to
deprive the defendant of a fair trial, a trial whose result is reliable.  See
id.  Before appellant is entitled to a hearing on a motion for new trial in
which he alleges ineffective assistance of counsel, he must provide sufficient
facts from which a trial court reasonably could conclude both that
counsel failed to act as a reasonably competent attorney and that, but
for counsel=s failure, there is a reasonable likelihood that the outcome of his trial
would have been different.  See id.  

Alleged
Failure to Subpoena a Witness








In the first ground of his motion for new
trial, appellant complained that his trial counsel rendered ineffective
assistance by failing to subpoena a witness.  Appellant claims he told his
trial counsel that an Aldine School District police officer arrested him in the
parking lot of the store and that this officer could verify that appellant had
no merchandise in his possession when he was arrested, contrary to the
testimony of a witness for the State that appellant put stolen merchandise in
his pants.  Appellant contends that despite his repeated requests, his trial
counsel did not talk to the officer or subpoena the officer to testify at
trial.  A claim of ineffective assistance based on trial counsel=s failure to call
a witness cannot succeed absent a showing that the witness was available to
testify and that the witness=s testimony would have benefitted the
defense.  See Ex parte Ramirez, 280 S.W.3d 848, 853 (Tex. Crim. App.
2007).  Appellant does not assert in his declaration that this officer was
available to testify at trial.  The only evidence regarding what this officer=s testimony would
have been is appellant=s assertion that the officer Acould verify that
[appellant] had no merchandise in [his] possession@ when he was
arrested in the store=s parking lot. (emphasis added).  This
statement is conclusory and insufficient to show what this officer=s testimony would
have been.  See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994) (holding trial court did not err by denying hearing on motion for new
trial regarding alleged ineffective assistance in failing to investigate and
subpoena witnesses because appellant=s affidavit did
not state what the witnesses= testimony would have been and only stated
that the witnesses Acould have provided crucial exculpatory
information@).  As to the first ground of appellant=s motion for new
trial, appellant did not
provide the trial court with sufficient facts from which the court reasonably
could conclude that, but for counsel=s alleged failure, there is a
reasonable likelihood that the outcome of his trial would have been different. 
See
Smith, 286 S.W.3d at 339B44; Ex parte Ramirez, 280 S.W.3d at
853; Jordan, 883 S.W.2d at 665.  Therefore, the trial court did not abuse its discretion by
failing to conduct a hearing on this ground.  See Smith, 286 S.W.3d at 344; Jordan, 883 S.W.2d at 665. 
Accordingly, this ground presents no basis for relief.

Alleged
Failure to Investigate Facts and Interview Witnesses








In the second ground of his motion for new trial,
appellant complained that his trial counsel rendered ineffective assistance by
failing to conduct an
independent investigation of the facts of the case, by failing to interview the
State=s witnesses before trial, and by
failing to interview the Aldine School District officer.  In his declaration,
appellant also asserts that his trial counsel failed to interview other store
employees that appellant believed would support his defense.  A claim for
ineffective assistance based on trial counsel=s general failure
to investigate the facts of the case fails absent a showing of what the
investigation would have revealed that reasonably could have changed the result
of the case.  See Cooks v. State, 240 S.W.3d 906, 912 (Tex. Crim. App.
2007).  Likewise, a claim for ineffective assistance based on trial counsel=s failure to
interview a witness cannot succeed absent a showing of what the interview would
have revealed that reasonably could have changed the result of the case.  See
Jordan, 883 S.W.2d at 665; Walker v. State, 195 S.W.3d 250, 255B26 (Tex. App.CSan Antonio 2006,
no pet.).  Appellant=s motion and declaration do not provide
the names of the witnesses that his trial counsel failed to interview, and
appellant does not state what the investigation or interviews would have
revealed that reasonably could have changed the result of this case.  As to the
second ground of appellant=s motion for new trial, appellant did not provide the trial
court with sufficient facts from which the court reasonably could conclude
that, but for counsel=s alleged failures, a reasonable likelihood exists that the
outcome of his trial would have been different. See Smith, 286 S.W.3d at
339B44; Cooks,
240 S.W.3d at 912; Jordan, 883 S.W.2d at 665; Walker, 195 S.W.3d
at 255B26.  Therefore, the trial court did not
abuse its discretion by failing to conduct a hearing.  See Smith, 286
S.W.3d at 344; Jordan, 883 S.W.2d at 665.  This ground provides no basis
for relief.

Alleged Failure to Investigate the
Existence of Videotapes

In the third ground of his motion for new trial,
appellant complained that his trial counsel rendered ineffective assistance by
failing to Ainvestigate the existence of in-store
video cameras, the tapes to which would have contradicted the State=s evidence and would have established
[appellant=s] innocence, in that [appellant] contends said tapes would prove he was
not in the store, did not steal the alleged merchandise, etc.@  In his declaration, appellant
stated that trial counsel Arefused my request that he investigate the store for
placement of security video cameras that would have proved I was not in the
store and that I did not steal anything.@  Appellant also stated that, when he
was being held in the store=s loss prevention office, Athe man that arrested me showed me
that cameras were focused on the outside doors and other areas, where I
supposedly was seen with the stolen merchandise.@  Appellant does not assert that any videotapes
exist; rather, he asserts that in-store cameras were present at the scene and
that, if videotapes were being made from these cameras, the tapes would show
that appellant was not in the store and did not steal the alleged merchandise. 









The store manager testified at trial that there is no video evidence of
what happened during this incident and that the only video equipment at the
store that was being used at the time of the offense were cameras trained on
the cash registers to watch the cashiers.  In any event, even if there were
cameras trained on the parts of the store where appellant was positioned during
the time of the alleged offense, appellant has not asserted that these cameras
were connected to a videotape recorder or that any videotape recordings from
these cameras were created.

 As to the third ground of appellant=s motion for new trial, appellant did
not provide the trial court with sufficient facts from which the court
reasonably could conclude that, but for counsel=s alleged failures, a reasonable
likelihood exists that the outcome of his trial would have been different. See Smith, 286 S.W.3d at
339B44; Ex parte
Ramirez, 280 S.W.3d at 853B54 (holding that applicant failed to show
prejudice from counsel=s alleged failure to investigate and
review videotape because applicant did not produce the videotape or show what
the videotape recorded); Jordan, 883 S.W.2d at 665.  Therefore, the
trial court did not abuse its discretion by failing to conduct a hearing on
this ground.  See Smith, 286 S.W.3d at 344; Jordan, 883 S.W.2d at 665. 
Accordingly, this ground provides no basis for relief.

Alleged Failure to Investigate the
Criminal Records of the State=s Witnesses

In the fourth ground of his motion for new trial,
appellant complained that his trial counsel rendered ineffective assistance by
failing to independently
investigate whether the State=s witnesses had any prior criminal records with which they
could be impeached at trial. A claim of ineffective assistance based on trial
counsel=s failure to investigate the facts of
the case fails absent a showing of what the investigation would have revealed
that reasonably could have changed the result of the case.  See Cooks,
240 S.W.3d at 912.  In his motion and declaration appellant did not assert that
any of the State=s witnesses had criminal records or that
impeachment of any of the State=s witnesses with prior convictions
reasonably could have changed the result of the trial.  








As to the fourth ground of appellant=s motion for new
trial, appellant did not provide the trial court with sufficient facts from
which the court reasonably could conclude that, but for counsel=s alleged
failures, there is a reasonable likelihood that the outcome of his trial would
have been different. See Smith, 286 S.W.3d at 339B44; Jordan, 883 S.W.2d at 665; Yates
v. State, 1 S.W.3d 277, 281B82 (Tex. App.CFort Worth 1999, pet. ref=d) (concluding no abuse of discretion
was shown in failure to conduct hearing on claims that trial counsel was
ineffective in failing to investigate medical records and AAA records@ because there was no suggestion that
such an investigation would have revealed information that reasonably could
have changed the result of the case).  Therefore, the trial court did not abuse
its discretion by failing to conduct a hearing on this ground.  See Smith,
286 S.W.3d at 344; Jordan,
883 S.W.2d at 665.  

Alleged
Refusal to Investigate the Validity of a Prior Conviction used to Enhance Range
of Punishment Applied to Appellant

In the fifth ground of his motion for new trial,
appellant complained that his trial counsel rendered ineffective assistance by
refusing to investigate
the validity of one of the prior convictions used to enhance the punishment
range, despite appellant=s contention that the conviction was on direct appeal at the
time of trial or void due to a fundamentally defective indictment.  The
convictions that were used to enhance the range of punishment were (1) a 1989
felony conviction in Harris County, Texas, for driving while intoxicated and
(2) a 1991 felony conviction in Harris County, Texas, for burglary of a
building.  A claim of ineffective assistance based on trial counsel=s failure to investigate cannot
succeed absent a showing of what the investigation would have revealed that
reasonably could have changed the result of the case.  See Cooks, 240
S.W.3d at 912;  Jordan, 883 S.W.2d at 665.  Appellant did not state
which of these convictions he claims was void or on direct appeal at the time
of trial.  Appellant did not assert in what way any indictment was
fundamentally defective.








 As
to the fifth ground stated in his motion for new trial, appellant did not
provide the trial court with sufficient facts from which the court reasonably
could conclude that, but for counsel=s alleged
failures, there is a reasonable likelihood that the outcome of his trial would
have been different.  See Smith, 286 S.W.3d at 339B44; Cooks,
240 S.W.3d at 912; Jordan, 883 S.W.2d at 665.

In his declaration, appellant further asserted that he told his trial
counsel that Athere were problems with some of the [prior convictions].@  Appellant also stated that one of
his alleged prior convictions was on appeal in the Third Court of Appeals at
the time of trial and that his trial counsel refused to investigate whether
appellant=s Aalleged priors@ were defective.  Thirteen prior
convictions of appellant were admitted into evidence in the trial court below. 
Appellant
did not specify which of appellant=s thirteen prior
convictions he asserts are void or have problems or  defects.  Appellant did
not assert a specific reason why any particular judgment is void or defective. 
Though he did assert that one of his prior convictions was on appeal in the
Third Court of Appeals at the time of trial, he did not specify which
conviction he alleges was on appeal.  Moreover, appellant did not assert that
he was harmed by trial counsel=s failure to investigate his prior
convictions.  As to the assertions in his declaration regarding prior
convictions, appellant did not provide the trial court with sufficient facts
from which the court reasonably could conclude that, but for counsel=s alleged
failures, there is a reasonable likelihood that the outcome of his trial would
have been different. See Smith, 286 S.W.3d at 339B44; Cooks,
240 S.W.3d at 912; Jordan, 883 S.W.2d at 665.








Appellant relies upon Ex parte Felton.  See 815 S.W.2d 733, 736
(Tex. Crim. App. 1991) (granting habeas relief based on determination that
trial counsel=s failure to investigate a void prior conviction was ineffective
assistance of counsel during the punishment phase).  However, Ex parte
Felton is not on point because it was decided at a time when defendants
could obtain relief based on ineffective assistance of counsel during the
punishment phase without any showing of prejudice.  See id. at 735B36 (applying standard from Ex
parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980) (plurality op.), which
does not require any showing of prejudice); see also Hernandez v. State,
988 S.W.2d 770, 771B73 (Tex. Crim. App. 1999) (abrogating standard from Ex
parte Duffy and holding that standard from Strickland v. Washington,
466 U.S. 668, 686 (1984), applies to punishment phase and requires showing of
prejudice).  In addition, Ex parte Felton is also not on point because,
in that case, the prior void conviction was the only conviction available to
enhance the range of punishment.  See Ex parte Felton, 815 S.W.2d
at 736.  In the instant case, other felony convictions were available to
enhance the range of punishment for appellant.  

Appellant also relies upon Ex parte Pool.  See 738 S.W.2d 285 (Tex.
Crim. App. 1987).  In Ex parte Pool, the Court of Criminal Appeals
granted habeas relief to an applicant who had pleaded Aguilty@ based on a plea bargain after his
trial counsel advised him that the range of punishment he faced if convicted
was 25 years to 99 years or life because the State would be able to enhance the
range of punishment based on two prior felony convictions.  See id. at
286.  Trial counsel in that case admitted that he conducted no independent
investigation.  See id.  If counsel had investigated, he would have
discovered that, because of the timing of these convictions, the higher range
of punishment was not available.  See id.  In Ex parte Felton,
the applicant asserted that he would not have agreed to plead Aguilty@ if he had known that the higher
range of punishment could not be applied to this offense.  See id.  The
State recommended that habeas relief be granted.  See id.  For all of
these reasons, Ex parte Pool is not on point in the instant case.








Appellant also relies upon Ex parte Scott.  See 581 S.W.2d 181 (Tex.
Crim. App. [Panel Op.] 1979).   In Ex parte Scott, the Court of Criminal
Appeals granted habeas relief to an applicant who, upon the advice of his trial
counsel, stipulated to two enhancement paragraphs that resulted in a higher
range of punishment.  See id. at 181B82.  However, applicant=s trial counsel failed to investigate
the prior felony convictions; had he done so, he would have discovered that
these felony convictions did not satisfy the requirements needed to trigger the
higher range of punishment for habitual felony offenders.  See id.  The
applicant=s punishment was assessed at life imprisonment, even though under the
correct range of punishment, the maximum punishment would have been twelve
years= imprisonment.  See id. 
However, Ex parte Scott was decided before the articulation of the Strickland
standard for ineffective assistance of counsel, and the applicant in Ex
parte Scott specifically asserted what he alleged would have been
discovered if his counsel had rendered effective assistance and had
investigated the prior convictions.  See id.  Therefore, Ex parte
Scott is not on point.

Appellant also cites Daniels v. State.  See
63 S.W.3d 67, 70 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). In Daniels,
while the defendant was on deferred adjudication, the State filed a motion to
adjudicate guilt.  See id. at 68.  The defendant pleaded Atrue,@ and the trial
court adjudicated guilt and imposed a sentence.  See id.  The defendant
filed a motion for new trial, but the trial court did not grant him a hearing
on the motion.  See id.  On appeal, this court held that the trial court
abused its discretion by denying the defendant a hearing on his motion.  See
id. at 70.  However, in Daniels, the defendant detailed in his
affidavit the alleged ineffective assistance and stated that he would not have
pleaded Atrue@ to the motion to
adjudicate but for the alleged ineffective assistance.  See id. at 70B71.  The Daniels
case is not on point because appellant=s declaration in
the instant case does not specify facts from which the trial court reasonably could conclude that, but for counsel=s alleged failures, there is a
reasonable likelihood that the outcome of his trial would have been different. 


For the foregoing reasons, the trial court did not abuse its
discretion by failing to conduct a hearing on appellant=s fifth ground.  See
Smith, 286 S.W.3d at 344; Jordan, 883 S.W.2d at 665.  Accordingly,
the fifth and final ground provides no basis for relief.

Conclusion 








Having concluded
that the trial court did not abuse its discretion by failing to conduct a
hearing on the grounds asserted in appellant=s motion for new
trial, we overrule appellant=s first issue, which is the only issue
remaining on remand.  Accordingly,
having overruled all issues raised on appeal, we affirm the trial court=s judgment.

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Panel consists of Justices Frost, Seymore, and Senior Justice
Hudson.*

Publish C Tex.
R. App. P. 47.2(b).









[1]           Because we overruled appellant=s second issue on original submission and because that
issue was

not considered by the Court of
Criminal Appeals, on remand we do not address the second issue.





*           Senior Justice Harvey Hudson, sitting by
assignment.