

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0417-06

FORREST LEE STOKES, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Case 14-04-00518-CR of the
Fourteenth Court of Appeals,
Harris County

*WOMACK, J., delivered the opinion for a unanimous Court.*

The question in this case is whether a docket-sheet entry was sufficient to show "presentment" of a motion for new trial to the trial court. We hold that it in this case it was.

The appellant was convicted of felony theft and sentenced to fifteen years' confinement. He timely filed a motion for new trial alleging ineffective assistance of counsel. No hearing was held on the motion, which was overruled by operation of law.

The Presentment Rule

A defendant is required to "present" a motion to the trial court within ten days of filing it, unless the court, in its discretion, extends that time period.[1] Merely filing the motion is not sufficient alone to show presentment.[2] The trial court must rule on the motion by written order within seventy-five days after imposing sentence.[3] If it fails to do so by the expiration of this period, the motion is deemed denied.[4] The purpose of the presentment rule is "to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it."[5]

In *Carranza*, this court held that the term "present," as used in the predecessor to Rule 21.6, means:

> [T]he record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court. This may be accomplished in several ways such as, for example, obtaining the trial court's ruling on a motion for new trial.[6]

---

[1] TEX. R. APP. P. 21.6. Rule 21.6 states: "The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court."

[2] *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Cr. App. 1998); *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Cr. App. 1993).

[3] TEX. R. APP. P. 21.8(a), (b).

[4] TEX. R. APP. P. 21.8(c).

[5] *Carranza*, 960 S.W.2d, at 78.

[6] *Id.*, at 79.

The *Carranza* Court said that its holding was "essentially the same holding as that set out in [a concurring] opinion" written by Judge Overstreet.[7] That opinion stated that the presentment "must be directed to the trial court or another authorized to act on behalf of the trial court," and it "may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket. This list is not meant to be exhaustive, but merely suggestive as to how one may fulfill the communication requirement for presenting a motion for new trial."[8]

*Carranza* also expressly overruled *Green v. State*, to the extent that it relied on a particular notation as being sufficient to show presentment.[9] There, a proposed order setting a date for a hearing was attached to a motion for new trial.[10] A written notation on the proposed order indicated that the motion was presented to the trial judge on October 15, 1985.[11] The *Green* Court had found this notation to be sufficient to put the trial court on notice that the appellant desired a hearing on the motion.[12] The *Carranza* Court found such a notation to be insufficient to show presentment "because, among other things, such a notation does not establish that it is the 'judge's notation.'"[13] In the same footnote, *Carranza* supported this proposition by citing to a

---

[7] *Id.*, at 79-80.

[8] *Id.*, at 81 (Overstreet, J., concurring).

[9] *Id.*, at 80 n.6 (overruling *Green*, 754 S.W.2d 687 (Tex. Cr. App. 1988)).

[10] *Green*, 754 S.W.2d, at 687.

[11] *Ibid.*

[12] *Ibid.*

[13] *Carranza*, 960 S.W.2d, at 80 n.6 (quoting *Carranza*, 960 S.W.2d, at 81 (Overstreet, J., concurring)).

footnote in Presiding Judge Onion's dissenting opinion in *Green*,[14] which made clear that the notation was unsigned and unidentified.[15]

The Proceedings in This Case

The appellant in the instant case filed his motion for new trial on June 17, 2004, the same day that he claims to have presented it to the trial court. The motion included a request for a hearing, and attached to it was a proposed order to rule on the hearing and the motion. The proposed order remained blank and without the trial judge's signature. The only indication that the motion may have been presented to the trial court comes from two handwritten entries on the docket sheet. Both entries are date-stamped June 17, 2004. One entry reads, "MNT filed-presented," with a few additional characters at the end which are undecipherable. This entry has been crossed out. The other entry reads, "Motion New Trial presented to court no ruling per judge." There are no initials, signatures, or other notations next to this entry.

The appellant claimed on direct appeal that the trial court abused its discretion by failing to rule on or hold a hearing on the motion for new trial. The Fourteenth Court of Appeals did not reach the merits of this question because it held that the appellant had not met the threshold requirement for presentment of the motion to the trial court.[16] The Court quoted the statement in *Carranza* that the notation in *Green* was insufficient because it could not be attributed to the trial judge.[17] It also referred to the *Carranza* opinion's citation to the footnote in Presiding Judge

---

[14] *Ibid.* (citing *Green*, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting)).

[15] *Green*, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting).

[16] *Stokes v. State*, 221 S.W.3d 101, 105 (Tex. App.—Houston [14th Dist.] 2006).

[17] *Id.*, at 104 (quoting *Carranza*, 960 S.W.2d, at 80 n.6)

Onion's dissent in *Green*.[18] The Court of Appeals interpreted these statements in *Carranza* to hold, "Therefore, for a handwritten statement on a docket sheet to be evidence that the motion for new trial was presented to the trial court, it must be signed by the trial judge."[19]

The Court of Appeals also discussed its opinion in *Daniels v. State*.[20] *Daniels* concerned the same issue as the instant case.[21] There, presentment was evidenced by a handwritten docket entry, dated November 29, 1999, which read, "Motion For New Trial was presented to the Court."[22] The Fourteenth Court found this notation to be sufficient to satisfy the presentment requirement of Rule 21.6.[23]

The Court justified reaching different conclusions in *Daniels* and in this case by distinguishing the facts of each. The Court said, "Because *Daniels* followed the *Carranza* opinion, we presume, although it is not specifically mentioned in the *Daniels* opinion, that the docket in entry [*sic*] *Daniels* was signed by the trial judge." The Court then noted that the entries in this case were unsigned and gave no indication of having been made by the trial judge. The Court concluded, "We cannot presume the notations at issue, were, in fact, made and signed by the judge. Because these entries are not signed by the judge, they do not constitute sufficient presentment under *Carranza*."[24]

---

[18] *Ibid.* (citing *Carranza*, 960 S.W.2d, at 80 n.6).

[19] *Ibid.*

[20] 63 S.W.3d 67 (Tex. App.—Houston [14th Dist.] 2001).

[21] *Id.*, at 68.

[22] *Id.*, at 69.

[23] *Ibid.*

[24] *Stokes*, 221 S.W.3d, at 105.

The Court ultimately concluded that, because the appellant had not properly presented his motion, the trial court did not abuse its discretion in failing to hold a hearing.[25]

The Issues

On petition to this court, the appellant raises three grounds for review.

> 1. The Court of Appeals erred by creating a "presumption of irregularity" to justify ignoring the trial court record concerning presentment of Appellant's Motion for New Trial.
> 2. The Court of Appeals erred by misstating its own precedent, along with that of the Court of Criminal Appeals, to conclude that a docket-sheet entry reflecting presentment of Appellant's Motion for New Trial is insufficient to show the motion was actually presented.
> 3. The Court of Appeals erred by confusing a written order constituting appealable error with the documentation necessary to reflect the threshold requirement of presentment of a Motion for New Trial.

Because the grounds center on the same issue and were argued together in the appellant's brief, we address them as one here.

*Carranza* did not discuss all of the ways in which the presentment requirement might be fulfilled. But the one thing about which we can have no doubt after *Carranza* is that there are many ways to show presentment of a motion for new trial to the trial court. The opinion expressly said so.[26] It also gave examples of those communications which will and will not suffice. "[O]btaining the trial court's ruling on a motion for new trial,"[27] for example, is

---

[25] *Ibid.*

[26] *Carranza*, 960 S.W.3d, at 79.

[27] *Ibid.*

sufficient, as is a judge's signature on a proposed order.[28] On the other hand, merely filing a motion is insufficient.[29]

With regard to the Court of Appeals' discussion of *Daniels*, if the docket-sheet entry in that case had been signed by the judge, it would fall within the category of communications that meet the presentment requirement. But that does not mean that there are no other ways of showing that a motion for new trial has been presented to the trial court.

Although *Carranza* overruled the holding in *Green* that an unsigned notation on a proposed order satisfies the presentment requirement,[30] that notation was significantly different from the one in the instant case, which was on a docket sheet. Proposed orders are prepared by, and in the possession of, the defense attorney (or the defendant *pro se*). An unsigned notation on such a document cannot confidently be attributed to the court. This is the basis of the *Carranza* requirement that there be some indication that the notation on such a document be a "judge's notation."

A docket sheet, on the other hand, is far more reliable as an indicator of the trial judge's decisions and the business of the court. It is more likely that only the judge and those authorized to act on his or her behalf have access to the docket sheets and can make entries to them. It may be unnecessary to require an additional showing that a docket-sheet entry properly reflects the events of any particular case. We may therefore presume that the notation on the docket sheet in

---

[28] *Ibid.* (adopting language of Overstreet, J., concurring opinion).

[29] *Id.*, at 78; *Reyes*, 849 S.W.2d, at 815.

[30] *Carranza*, 960 S.W.2d, at 80 n.6.

this case gives an accurate account of the motion's disposition without need for the trial judge's signature.

The Court of Appeals concluded that a handwritten statement on a docket sheet must be signed by the trial judge. It stated, with regard to Judge Onion's dissenting opinion, "The *Carranza* court cited with approval a footnote from the dissenting opinion in *Green*, which stated that, for a handwritten notation to be evidence of presentment, it must be signed by the trial judge."[31] We do not read Judge Onion's footnote to stand for such a rule. The footnote says:

> The majority says the motion was "timely … presented to the court." What the majority does not make clear is that this statement is based only on an unsigned and unidentified handwritten notation on the last page of the said motion "Presented to Judge 10-15-85. No Date set on hearing." Who made such notation is not shown by the record and it is not supported elsewhere in the record. This Court is not informed what "presentation" meant to the individual making the notation, be he or she a legal secretary, law clerk, "gofer," attorney, clerk or whoever. Nor are the circumstances under which the motion was "presented" revealed.[32]

Nowhere here is it expressly stated that a judge's signature is necessary to satisfy the requirement. And we do not read the *Carranza* court's use of the footnote to support the proposition that a signature is the exclusive method for showing that a notation was in fact the "judge's notation." Furthermore, as we discussed above, a notation on a proposed order and an entry on a docket sheet are sufficiently distinguishable that we think the Court of Appeals drew an incorrect conclusion in looking to the requirement for a "judge's notation" in order to support its determination that a judge's signature is necessary on a docket sheet.

---

[31] *Stokes*, 221 S.W.3d, at 104.

[32] *Green*, 754 S.W.2d, at 689 n.3 (Onion, P.J., dissenting).

What we may take, then, from the *Carranza* evaluation of *Green*, is to add to the short list of examples of what does and does not constitute presentment. For we know that a notation such as that described in Judge Onion's footnote (an anonymous notation at the end of a proposed order) will not suffice. Aside from this, many options for fulfilling the requirement may remain.

The State raises a jurisdictional issue based on the factual-conclusivity clause of the Texas Constitution. The clause provides that the decision of a direct-appeal court "shall be conclusive on all questions of fact brought before them on appeal or error."[33] The State acknowledges that this court has jurisdiction to review whether the Court of Appeals used the proper standard in analyzing the adequacy of the appellant's presentment of the motion. It argues, however, that this court does not have jurisdiction to disturb the Court of Appeals' factual findings regarding the reliability of the docket-sheet entry. We reject the State's contention because this was not a question for a fact-finder, such as a trial court or a jury. Rather, this is a question of procedural requirement subject to modification by the rule-making power of the Court. In this instance, the factual-conclusivity clause does not limit this court's authority to review the Court of Appeals' decision.

## Conclusion

The docket-sheet entry, "Motion New Trial presented to court no ruling per judge," was sufficient to show that the motion was presented to the trial court as required by Rule 21.6. We vacate the judgment of the Court of Appeals and remand this case to that court for an analysis of the merits of the appellant's claim.

---

[33] TEX. CONST. art. V, § 6.

Delivered February 11, 2009.
Publish.