

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

NO. 2-09-361-CR

---

BALDEMAR LOSOYA                                                  APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Baldemar Losoya appeals his conviction for possession of between four and 200 grams of cocaine with intent to deliver.[2]  He contends

---

[1] ... *See* Tex. R. App. P. 47.4.

[2] ... *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon 2010).

in one issue that the trial court abused its discretion by failing to hold a hearing on his motion for new trial. We affirm.

## II. Background

A grand jury indicted Appellant with one count of possessing with the intent to deliver between four and 200 grams of cocaine. The indictment included a repeat offender notice alleging a prior felony conviction for possession with the intent to distribute approximately twenty-five kilograms of marijuana. Appellant pleaded true to the repeat offender notice and entered an open plea of guilty to the charged offense. After a sentencing hearing, the trial court sentenced Appellant to twenty years' confinement.

The trial court signed the judgment, and Appellant filed a pro se notice of appeal. Appellant timely filed a pro se motion for new trial and a supporting affidavit. He also included an "order granting hearing" and an "order granting motion." The "order granting hearing" states:

> Be it remembered that the foregoing motion was presented to the court on the ____ day of ____ 2009, with a request for the court to conduct a plenary hearing thereon and it is therefore ordered that on the ____ day of ____ 2009, __.m., a hearing will be had in the ____ court of ____ County, Texas on said motion.
>
> DONE AND ENTERED this ___ day of _____ 2009.

2

The trial court did not sign or make any notations on the "order granting hearing" or the "order granting motion," and Appellant's motion for new trial was overruled by operation of law.

## III. Discussion

Appellant argues in his sole point that the trial court erred by failing to conduct a hearing on his motion for new trial. The State responds that the trial court did not abuse its discretion because Appellant did not present his motion for new trial to the trial court.

### A. Applicable Law

A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). However, the trial court is under no requirement to conduct a hearing if the motion for new trial is not presented in a timely manner. *See* Tex. R. App. P. 21.6; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). The rules of appellate procedure require that "[t]he defendant must present the motion for new trial to the trial court within 10 days of filing it." Tex. R. App. P. 21.6. "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as

3

a ruling or a hearing on it.'" *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)).

Merely filing the motion is not sufficient alone to show presentment. *Id.* "'Presentment' must be apparent from the record, and it may be shown by such proof as the judge's signature or notation on the motion or proposed order, or an entry on the docket sheet showing presentment or setting a hearing date." *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009) (citing *Stokes*, 277 S.W.3d at 22 and *Carranza*, 960 S.W.2d at 79). "The defendant bears the burden of ensuring this notation or setting a hearing." *Burrus v. State*, 266 S.W.3d 107, 115 (Tex. App.—Fort Worth 2008, no pet.) (citing *Simpson v. State*, 962 S.W.2d 57, 58 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). "[W]ithout any showing that the trial judge actually saw appellant's motion for new trial, the judge cannot be faulted for failing to conduct a hearing on that motion." *Gardner*, 306 S.W.3d at 305 (citing *Carranza*, 960 S.W.2d at 79–80).

B.  Analysis

Although Appellant timely filed his motion for new trial, there is no ruling on the motion, no proposed order containing the judge's signature or notation, and no notation on the docket sheet of a hearing date set on the motion.  The

4

only suggestions of presentment are a statement in the body of the motion for new trial stating that Appellant "hereby presents" the motion to the court coordinator pursuant to rule 26.1 within ten days of filing and a statement in the unsigned "order granting hearing" that Appellant "presented [the motion for new trial] to the court on the ___ day of _____ 2009, with a request for the court to conduct a plenary hearing thereon." This evidence, however, is insufficient to establish presentment under rule 26.1. *See Gardner*, 306 S.W.3d at 305–06 (holding that appellant did not present motion for new trial because there was "no indication in the record that the motion for new trial was, in fact, hand-delivered to the trial judge [or] that the trial judge ever saw the motion" and that document titled "Order for a Setting" did not "suffice as a request to hold a hearing on the motion"); *Rozell*, 176 S.W.3d at 231 (holding record did not show the trial court had actual notice of request for hearing when proposed order included "options of having a hearing or ruling on the motion without a hearing"); *Burrus*, 266 S.W.3d at 115 (finding no presentment in absence of ruling on motion for new trial, signature or notation on proposed order, or notation on docket sheet of hearing date on the motion); *Longoria v. State*, 154 S.W.3d 747, 762 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that statement in record—"Notice of Presentment of Motion for New Trial"—is insufficient to show presentment). We hold that Appellant has

5

not met his burden of showing timely presentment of his motion for new trial to the trial court and that the trial court therefore did not abuse its discretion by failing to conduct a hearing on the motion for new trial.  We overrule Appellant's sole point.

## IV.  Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2010

6