NO. 07-09-0125-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
25, 2010

 



 

JULIAN EDWARD PERALES,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 50,635-B; HONORABLE JOHN B. BOARD,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Julian
Edward Perales appeals a judgment revoking his probation and adjudicating his
guilt of aggravated assault with a deadly weapon.  He originally pled guilty to the offense in
2005 and was placed on probation.  The
State filed a motion to adjudicate his guilt on May 2, 2008, and an amended
motion on March 11, 2009.  After a
hearing during which appellant pled true to four of the probation violations
alleged against him, the court found him guilty and sentenced him to ten years
imprisonment.  In challenging that
judgment, he argues that the trial court abused its discretion in failing to
hold a hearing on his motion for new trial and in denying him the opportunity
to secure counsel of his choice.  We
affirm the judgment. 

            Issues 1 & 2 - Hearing on Motion for New
Trial

            Appellant timely filed a motion for
new trial in which he asserted that, although he wished to retain counsel of
his own choosing for the adjudication proceeding, the bailiff made him sign a
document entitled “Financial Information for Request for Court Appointed
Attorney” and the trial court forced him to proceed with appointed counsel that
he did not request and with whom he had a fundamental disagreement over his
defense.  The motion was overruled by
operation of law. 

            A defendant
must present a motion for new trial to the trial court within ten days of
filing it.  Tex. R. App. P. 21.6.  The mere filing of a motion for new trial is
insufficient to satisfy this requirement. 
Stokes v. State, 277 S.W.3d
20, 21 (Tex. Crim. App. 2009). The requirement of presentment puts the trial
court on notice that the movant desires the trial court to take some action on
the motion.  Id.  Therefore, the movant
must meet the burden of showing actual delivery of the motion for new trial to
the trial court or otherwise bringing it to its attention.  Carranza
v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).  

            The record
before us is silent on presentment other than a certificate of service
indicating that a copy of the motion was “delivered” to the trial court.[1]  That alone is insufficient to show that the
trial court was aware of the motion and that appellant desired a hearing on
it.  Owens
v. State, 832 S.W.2d 109, 111-12 (Tex. App.–Dallas 1992, no pet.); see also Oestrick v. State, 939 S.W.2d
232, 235 n.5 (Tex. App.–Austin 1997, pet. ref’d) (stating that a self-serving
statement by defense counsel is insufficient evidence of presentment).  Although there can be different ways to prove
presentment, Stokes v. State, 277
S.W.3d at 24, we find nothing in the record indicating the judge’s signature or
notation on the motion or a proposed order, a docket sheet entry showing presentment,
the setting of a hearing date, or some other appropriate notation.  See
Gardner v. State, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009).  Appellant also fails to point us to any such
evidence in the record.  Because the trial court does not abuse its
discretion in failing to conduct a hearing when there is no evidence that the
motion was timely presented to the trial court, 
id., appellant’s first two
issues are overruled.

          Issues 3 & 4 – Opportunity to Retain
Counsel

            In his next two issues, appellant
complains of the trial court depriving him of the opportunity to secure counsel
of his own choosing.  We note that
appellant neither complained of the fact he was represented by appointed
counsel during the adjudication hearing nor requested an opportunity to retain
counsel.  To preserve error, complaint
must be made to the trial court by a “timely” request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1). 
To be timely, an objection must be made at the earliest opportunity, Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002), or as soon as the ground becomes apparent.  Penry
v. State, 903 S.W.2d 715, 763 (Tex. Crim. App. 1995).  Appellant testified at the hearing and spoke
to the trial court.  He provides no
explanation of his failure to mention this matter at that time, and we do not
find any in the record.  The objection
thus was forfeited.  Courson v. State, 160 S.W.3d 125, 129 (Tex. App.–Fort Worth 2005,
no pet.) (holding that an untimely objection forfeits the complaint).  For that reason, we overrule appellant’s
third and fourth issues as well.

            Accordingly,
the judgment of the trial court is affirmed.

 

                                                                                    Per
Curiam

 

Do
not publish. 

                                                                                       

 

            








 











[1]The
certificate does not indicate how delivery occurred.