NO. 07-09-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 25, 2010

_____

JULIAN EDWARD PERALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,635-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Julian Edward Perales appeals a judgment revoking his probation and adjudicating his guilt of aggravated assault with a deadly weapon. He originally pled guilty to the offense in 2005 and was placed on probation. The State filed a motion to adjudicate his guilt on May 2, 2008, and an amended motion on March 11, 2009. After a hearing during which appellant pled true to four of the probation violations alleged against him, the court found him guilty and sentenced him to ten years imprisonment. In challenging that judgment, he argues that the trial court abused its discretion in failing

to hold a hearing on his motion for new trial and in denying him the opportunity to secure counsel of his choice.  We affirm the judgment.

*Issues 1 & 2 - Hearing on Motion for New Trial*

Appellant timely filed a motion for new trial in which he asserted that, although he wished to retain counsel of his own choosing for the adjudication proceeding, the bailiff made him sign a document entitled "Financial Information for Request for Court Appointed Attorney" and the trial court forced him to proceed with appointed counsel that he did not request and with whom he had a fundamental disagreement over his defense.  The motion was overruled by operation of law.

A defendant must present a motion for new trial to the trial court within ten days of filing it.  TEX. R. APP. P. 21.6.  The mere filing of a motion for new trial is insufficient to satisfy this requirement.  *Stokes v. State,* 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). The requirement of presentment puts the trial court on notice that the movant desires the trial court to take some action on the motion.  *Id.*  Therefore, the movant must meet the burden of showing actual delivery of the motion for new trial to the trial court or otherwise bringing it to its attention.  *Carranza v. State,* 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).

The record before us is silent on presentment other than a certificate of service indicating that a copy of the motion was "delivered" to the trial court.[1]  That alone is insufficient to show that the trial court was aware of the motion and that appellant desired a hearing on it.  *Owens v. State,* 832 S.W.2d 109, 111-12 (Tex. App.–Dallas 1992, no pet.); *see also Oestrick v. State,* 939 S.W.2d 232, 235 n.5 (Tex. App.–Austin

---

[1]The certificate does not indicate how delivery occurred.

1997, pet. ref'd) (stating that a self-serving statement by defense counsel is insufficient evidence of presentment). Although there can be different ways to prove presentment, *Stokes v. State,* 277 S.W.3d at 24, we find nothing in the record indicating the judge's signature or notation on the motion or a proposed order, a docket sheet entry showing presentment, the setting of a hearing date, or some other appropriate notation. *See Gardner v. State,* 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). Appellant also fails to point us to any such evidence in the record. Because the trial court does not abuse its discretion in failing to conduct a hearing when there is no evidence that the motion was timely presented to the trial court, *id.,* appellant's first two issues are overruled.

*Issues 3 & 4 – Opportunity to Retain Counsel*

In his next two issues, appellant complains of the trial court depriving him of the opportunity to secure counsel of his own choosing. We note that appellant neither complained of the fact he was represented by appointed counsel during the adjudication hearing nor requested an opportunity to retain counsel. To preserve error, complaint must be made to the trial court by a "timely" request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). To be timely, an objection must be made at the earliest opportunity, *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002), or as soon as the ground becomes apparent. *Penry v. State,* 903 S.W.2d 715, 763 (Tex. Crim. App. 1995). Appellant testified at the hearing and spoke to the trial court. He provides no explanation of his failure to mention this matter at that time, and we do not find any in the record. The objection thus was forfeited. *Courson v. State,* 160 S.W.3d 125, 129 (Tex. App.–Fort Worth 2005, no pet.) (holding that an untimely objection forfeits the complaint). For that reason, we overrule appellant's third and fourth issues as well.

3

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.