**Opinion issued June 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00697-CR

————————————

**THE STATE OF TEXAS, Appellant**

**V.**

**ROBERTO ACUNA ANDAVERDE, Appellee**

———

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 16670**

———

## MEMORANDUM OPINION

This is the State's appeal from a pretrial order suppressing portions of an

audiotaped interview of appellee, Roberto Acuna Andaverde.[1]  In one issue, the

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2011); TEX. R.
APP. P. 25.2(a)(1).

State contends that the trial court abused its discretion in granting appellee's motion to suppress certain translated portions of appellee's statement to police. We affirm.

## Background

On October 9, 2009, appellee was interviewed by Navasota Police Department Investigator Amanda Klawinsky and Officer David Ellison following a report that appellee had engaged in inappropriate conduct with a child. Aleda Jarvis, a Child Protective Services special investigator, was also present at the interview. Although most of the interview was conducted in English, appellee answered some questions in Spanish which Jarvis translated into English for Officer Ellison, the investigating officer, who did not speak Spanish. Although she considers herself to be fluent in Spanish, Jarvis is not a certified translator or interpreter.

On November 20, 2009, appellee was indicted on two counts of indecency with a child. On July 7, 2010, the first day of trial, defense counsel moved the trial court to redact certain portions of the audio and/or videotaped interview on the grounds that the evidence constituted (1) inadmissible extraneous offense evidence, (2) hearsay, (3) narrative by the interviewing officer that was not a present sense impression (hearsay), (4) discussion of a polygraph examination, and (5) testimony after invocation of appellee's Sixth Amendment right to counsel.

2

Before the jury was seated, the trial court both orally sustained and overruled varying portions of the motion. The trial court subsequently dismissed the jury. On July 22, 2010, the trial court issued an order granting portions of appellee's motion to suppress.

## Discussion

In its sole issue, the State contends that the trial court erred in suppressing the portion of the audio recording designated in appellee's motion as III.B through L because there is no requirement that Jarvis be a certified translator.[2] The State also argues that, rather than redacting the challenged portions of the audiotape, the Court should have ordered the court-certified interpreter who was present for trial to provide a simultaneous translation of appellee's answers in Spanish, or a written translation for presentation to the jury. Appellee did not file a brief.[3]

At the July 7, 2010 hearing on appellee's motion to suppress, the trial court orally ruled as follows:

---

[2] Neither the trial court's oral ruling nor its written order specifies the portions of the audio to be redacted. The specific time designations are present only in appellee's written motion. All eleven of these specific portions of the audiotape are designated in the motion as "Translation."

[3] Trial counsel filed six motions to extend time to file appellee's brief, four of which were granted and two denied as untimely after this Court indicated that further motions would not be considered absent extraordinary circumstances. Counsel was notified that the case would be set for submission in May 2012, with or without a brief from appellee, and ordered to notify his client. The State filed two motions to extend time to file its brief, which were granted.

[THE COURT]: Yes. Number 3, dealing with what is referred to as inadmissible hearsay, I'm overruling the objection to A, but I'm sustaining the objection to B through L, but it refers to the Spanish to English translation of the CPS investigator.

[ASSISTANT DISTRICT ATTORNEY]: And the grounds on that is that the translator's rendition is hearsay?

[THE COURT]: It's not a sworn interpretation, okay?

[DISTRICT ATTORNEY]: So you are not holding it's hearsay -- if she were a sworn interpreter making the statements, I think it would be admissible.

[ANDAVERDE'S COUNSEL]: . . . . The defense would argue these are inadmissible. It's inadmissible hearsay, Your Honor, under the Fis[c]her case [252 S.W.3d 375 (Tex. Crim. App. 2008)][4] and in addition to that, the 1990 Court of Criminal Appeals on Leal [782 S.W.2d 844 (Tex. Crim. App. 1989)][5] and that goes towards anything in Spanish on this audio tape is not admissible unless there's a certified translation.

[THE COURT]: Okay, essentially, I'm dealing with the ruling in Leal, not necessarily Fischer, but in Leal.

Following the court's oral ruling, Jarvis testified that she was not certified as an interpreter, but that she considered herself fluent in Spanish. A review of the audiotape reveals that when appellee began speaking in Spanish toward the end of the interview, Jarvis repeated what appellee had said to Officer Ellison in English as well as asked appellee questions in Spanish. Although Jarvis initially claimed to

---

[4] *Fischer* discusses the present-sense impression exception to the hearsay rule. *See Fischer v. State*, 252 S.W.3d 375, 379–87 (Tex. Crim. App. 2008).

[5] *Leal* discusses the admission of a tape-recorded conversation in a foreign language. *Leal v. State*, 782 S.W.2d 844, 847–50 (Tex. Crim. App. 1989).

interpret appellee's statements in Spanish to the officer "exactly" in English, she later recanted:

> [THE COURT]:  Ms. Jarvis, when I listened to the tape, I had the distinct impression that it was not a word for word translation but it was more of a paraphrased translation to the officer present of what Mr. Andaverde was saying.  Am I correct or incorrect?
>
> [WITNESS]:  You're correct.
>
> [THE COURT]:  Okay, so it wasn't word for word.
>
> [WITNESS]:  No, sir.

On July 22, 2010, the trial court issued its order which stated as follows:

> The Defendant's Motion to Require the Prosecuting Attorney to Redact Video came on for hearing and Defendant's objections are hereby:
>
> . . . .
>
> Granted as to request      . . . .
>                                III.  B
>                                      C
>                                      D
>                                      E
>                                      F
>                                      G
>                                      H
>                                      I
>                                      J
>                                      K
>                                      L

Article 38.30 of the Code of Criminal Procedure governs the use of interpreters in criminal proceedings.  TEX. CRIM. APP. PROC. ANN. art. 38.30(a) (West 2011).  It states, in relevant part, as follows:

5

When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him.

*Id.*

In *Leal*, the Court of Criminal Appeals held that the trial court had erred when it admitted into evidence the tape-recorded conversation in Spanish between the defendant and a witness cooperating with law enforcement authorities without a sworn translation into English. *See* 782 S.W.2d at 849–50. The Court analogized the situation involving a tape recording of witnesses speaking Spanish to a non-English-speaking witness testifying in court and held that the safeguards of article 38.30 apply. *See id.* "In the face of a proper motion or objection an interpreter must be sworn to translate the conversation, so long as the interpreter is 'considered to possess adequate interpreting skills for the particular situation' and is 'familiar with the use of slang' to the satisfaction of the trial court." *Id.* at 849. Because a sworn interpreter was not called upon by the trial court to translate the admitted tape-recording containing the conversation, the Court held that the trial court had failed to comply with article 38.30. *See id.* at 849–50 (holding trial court "erred when it admitted the tape recording into evidence without it being translated from Spanish to English by a sworn interpreter").

Here, the docket sheet reflects that the trial court granted defense counsel's motion for an interpreter on February 22, 2010.[6] Thus, under the clear language of the statute, appellee's statements had to be translated by a sworn interpreter. It is undisputed that Jarvis was not a sworn interpreter. Jarvis further admitted to the trial court that she had not translated appellee's statements at the interview word-for-word but had paraphrased them instead.

In support of its argument that Jarvis was not required to be a certified interpreter for her translation of appellee's statements to be admissible, the State relies on *Rodriguez v. State*, No. 2-05-398-CR, 2007 WL 174684 (Tex. App.—Fort Worth Jan. 25, 2007, pet. ref'd) (memo op., not designated for publication) and *Martinez v. State*, No. 08-02-00508-CR, 2004 WL 1576777 (Tex. App.—El Paso July 15, 2004, pet. ref'd) (memo op., not designated for publication). We initially note that both of these cases are unpublished and, as such, have no precedential value. *See* TEX. R. APP. P. 47.7 & 2008 cmt.; *Ferguson v. State*, 335 S.W.3d 676, 688 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (noting that "unpublished cases are not part of Texas jurisprudence and cannot be either binding or persuasive authority"). Notwithstanding, both *Rodriguez* and *Martinez* are factually distinguishable from the present case.

---

[6]     *See Stokes v. State*, 277 S.W.3d 20, 24 (Tex. Crim. App. 2009) (finding trial court's docket sheet to be reliable indicator of judge's decisions and business of court).

In *Rodriguez*, a police detective interviewed the defendant in Spanish and a portion of the interview was tape recorded. *See* 2007 WL 174684, at *2. The taped portion of the interview was translated by a certified court interpreter, but the trial court also allowed into evidence the defendant's statements made to the detective before the recorder was turned on. *See id.* On appeal, the defendant argued that the trial court had erred by allowing testimony from an uncertified police interpreter regarding his allegedly incriminating statements. *See id.* *Rodriguez* is factually distinguishable from the present case because the detective in *Rodriguez*—who had passed a test enabling him to be a translator for the police department—testified at trial in English concerning his conversation with defendant in Spanish, thereby subjecting his translations to cross-examination. *See id.* at *3; *Leal*, 782 S.W.2d at 849 (noting fact that individuals who translated conversation between witnesses speaking Spanish were not called to witness stand so that accuracy of their work could be subject to cross-examination, in court's analysis of whether trial court complied with article 38.30). Additionally, the tape-recorded portions of the defendant's conversations with the detective in Spanish were translated by a certified court interpreter. *See Rodriguez*, 2007 WL 174684, at *3. Here, by contrast, the State sought to admit portions of appellee's tape-

8

recorded interview which were not translated by a certified interpreter and could not be subject to cross-examination.[7]

In *Martinez*, the defendant argued that the trial court had erred in admitting his written statement because he had received an inadequate translation of his *Miranda* rights into Spanish by the police officer. *See* 2004 WL 1576777, at *2. The court of appeals noted that the question of a translation's accuracy is an issue of fact to be settled by the trier of fact, and that an appellant must settle the question at trial by impeaching the translation, either by cross-examination or other means. *See id.* (citing to *Garcia v. State*, 887 S.W.2d 862, 875 (Tex. Crim. App. 1994)). Noting that trial counsel had vigorously questioned the police officer on his translation, the *Martinez* court held that the trial court had not abused its discretion in concluding that the defendant had been properly warned before being subjected to custodial interrogation. *See Martinez*, 2004 WL 1576777, at *3. Here, by contrast, the State is challenging the trial court's suppression of translated

---

[7] It is worth noting that the *Rodriguez* court did not cite to *Leal* in its discussion of the admissibility of the testimony of an uncertified police interpreter. Further, the *Rodriguez* court's statement that "by its very terms, article 38.30, governs the use of interpreters in court proceedings, not police interviews," implies that article 38.30 applies only to court proceedings. 2007 WL 174684, at *3. Such a conclusion is contrary to the Court of Criminal Appeals's finding in *Leal* that article 38.30 applied to a tape-recorded conversation between the defendant and a witness cooperating with law enforcement authorities. *See Leal*, 782 S.W.2d at 847.

portions of the audiotape prior to trial for which Jarvis was not subject to cross-examination.

Based on appellee's motion, the pretrial hearing, and the court's written order, we conclude that the trial court suppressed only the audio recording of Jarvis's translations, not appellee's testimony in Spanish. Nothing in the court's order prevents the State from calling Jarvis as a witness at trial. We therefore express no opinion concerning the admissibility at trial of appellee's testimony in Spanish with appropriate translation, or any testimony by Jarvis. We overrule the State's sole issue.[8]

## Conclusion

We affirm the judgment of the trial court.

Jim Sharp
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[8] The State also contends that the trial court suppressed appellee's statements because it found them to be hearsay. We disagree. The trial court's oral ruling makes clear that it based its ruling on *Leal* and the fact that appellee's statements were not translated by a sworn interpreter. The State also asserts that, at the hearing on the motion to suppress, trial counsel raised constitutional concerns regarding the translations. However, a review of the record reveals no mention by trial counsel of constitutional grounds supporting the suppression of appellee's statements. Thus, we do not address the State's arguments concerning hearsay or constitutional issues.