

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS ALFREDO PEREZ, | § | No. 08-13-00103-CR |
| Appellant, | § | Appeal from |
| v. | § | 213th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1245990D) |
| | § | |

## **O P I N I O N**

Luis Alfredo Perez appeals his conviction of murder. Appellant waived his right to a jury trial and entered an open plea of guilty before the trial court. The trial court assessed punishment at imprisonment for a term of fifty years. Finding no error, we affirm.[1]

## **DISPROPORTIONATE SENTENCE**

In his sole issue, Appellant contends that the sentence of fifty years is constitutionally disproportionate and constituted cruel and unusual punishment in violation of the Eighth Amendment and Article 1, Section 13 of the Texas Constitution. The State responds that

---

[1] This appeal was transferred from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We have applied precedent of the Second Court of Appeals as required by TEX.R.APP.P. 41.3.

Appellant failed to preserve error because he did not present his motion for new trial to the trial court.

To present a complaint on appeal, the record must show that the party brought the error to the attention of the trial court by a timely and specific request, objection, or motion. TEX.R.APP.P. 33.1(a). The defendant can preserve a complaint that a sentence is disproportionate for the crime or circumstances particular to the defendant's case by making a timely and specific objection when sentence is pronounced or by raising it in a motion for new trial. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Kim v. State*, 283 S.W.3d 473, 475 (Tex.App.--Fort Worth 2009, pet. ref'd). Appellant did not object when the trial court pronounced sentence, but he filed a motion for new trial asserting that his sentence was constitutionally disproportionate. To preserve an issue by motion for new trial in a criminal case, the defendant must present the motion to the trial court within ten days of filing it unless the trial court permits it to be presented and heard within seventy-five days from the date sentence was imposed or suspended in open court. TEX.R.APP.P. 21.6. The purpose of Rule 21.6 is "to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex.Crim.App. 2009), *quoting Carranza v. State*, 960 S.W.2d 76, 78 (Tex.Crim.App. 1998). The filing of a motion for new trial alone is not sufficient to show presentment. *Stokes*, 277 S.W.3d at 21. The record must show that the trial court has actual notice of the motion. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex.App.--Fort Worth 2010, pet. ref'd). Presentment can be accomplished in several ways, including by obtaining a ruling on

- 2 -

the motion for new trial, the trial judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *See Stokes*, 277 S.W.3d at 21-22; *Carranza*, 960 S.W.2d at 79; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex.App.--Fort Worth 2008, no pet.).

Appellant raised the disproportionate sentence issue in his timely filed motion for new trial, but there is nothing in the record showing that he presented the motion to the trial court. Consequently, we find that Appellant failed to preserve this issue. *See Richardson*, 328 S.W.3d

March 4, 2015
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)

(Do Not Publish)