**AFFIRM; Opinion Filed June 10, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00528-CR**
**No. 05-23-00529-CR**
**No. 05-23-00530-CR**

**DARIUS TREMAINE BRADFORD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-83866-2022, 416-81217-2023, 416-81218-2023**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Darius Tremaine Bradford appeals his three convictions of burglary of a habitation with the intent to commit the felony of invasive visual recording. In each case, a jury assessed a life sentence in the Texas Department of Criminal Justice. In two issues, appellant asserts that the jury charges were erroneous and claims that the punishments assessed were grossly disproportionate to the offenses of which he was convicted in violation of his rights under the Eighth Amendment. We affirm the trial court's judgments. Because all issues are settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.4.

## BACKGROUND

Appellant was a maintenance worker for the apartment complex in which he and the complainant lived. His duties as a maintenance worker included the repair of air conditioning units. On multiple occasions, he entered the complainant's apartment in response to requests for repairs to her air conditioning unit. The complainant noticed that nearly every time he visited to make repairs, appellant would leave his tool bag in the bathroom, explaining that the air conditioning motor was located there. She also noticed that he would leave his phone in the tool bag, which seemed "weird because generally one would keep your phone close." On one such visit, appellant asked to borrow the complainant's key because he did not have a copy, and she asked him to text her when he completed the repair, so she could retrieve her key from him. Appellant sent her text messages asking her if she was happily married and asking how he could find "a woman like you, beautiful, sweet and sexy."

On August 24, 2022, appellant arrived at the complainant's apartment in response to another request to repair the air conditioning unit. The complainant informed appellant she needed to take a shower and get ready for work. As he had done on previous occasions, appellant asked the complainant if he could leave his tool bag in her bathroom. When she went to the bathroom, the complainant noticed a box in the tool bag prompting her to examine the contents. She quickly discovered a phone inside the box and believed it to be recording her. Upset and afraid because

she thought appellant was in her living room and they were the only individuals there, the complainant took the box containing the phone from the tool bag and placed it into a shopping bag.  When she left the bathroom, the complainant saw that appellant was returning to her apartment with a ladder.  She left her apartment and drove to the apartment management office.  The complainant appeared "hysterical" to the manager of the apartment complex when she arrived and handed the manager the shopping bag.

The manager took the box containing the phone from the shopping bag and found several videos she believed to have been taken without the permission of the individuals depicted therein.  She called the Plano Police Department and her supervisor.  She also recorded the contents of the phone, as the phone showed notifications and signs that it was being remotely wiped.

The ensuing Plano Police Department's investigation found 49 videos of 23 individuals, many of whom were unidentified.  However, it was apparent from the videos that the recordings were made without the individuals' consent.[1]  Review of those videos revealed that appellant had not only recorded the complainant on August 24, but also on July 30 and August 18 of 2022.  Detectives discovered that appellant had a private photo vault and application to remotely wipe the hard drive.

---

[1] One example repeated across several videos was that while asking a sales associate at a retail store for assistance appellant would aim his camera to record the associate from beneath her skirt.  Other videos appeared to be recorded in the home of the individual, as was the case with several videos of the complainant in which she was recorded in various stages of undress.

In addition, they found appellant had conducted online searches for spy cameras. Detectives found and seized additional phones and cameras, as well as large bag of keys, from appellant's apartment. Some of the keys were labeled as belonging to the apartment complex, and the apartment manager indicated that all of the keys looked as though they belonged to the apartment complex, which appellant was not authorized to keep.

Appellant was indicted for three counts of burglary of a habitation with the intent to commit the felony of invasive visual recording. *See* TEX. PENAL CODE § 30.02(d). The offenses were alleged to have occurred on July 30, August 18, and August 24 of 2022 and to have involved the complainant.

Appellant pleaded guilty to the three offenses as charged. He exercised his right to a jury determination as to punishment in all three cases. The jury heard testimony of the complainant's discovery of appellant's phone in his tool bag and the subsequent police investigation, as well as evidence of a 2008 conviction in which appellant was found guilty of invasive visual recording and a 2010 incident when appellant used his phone to record a woman changing clothes in a store without her consent. The jury also heard from appellant's ex-girlfriend who testified that while she and her minor daughter lived with appellant he made video recordings of them without their knowledge or consent. She described the intricate system appellant had set up in the bathroom of his residence, including a mirror placed on the floor, to capture the videos. The complainant, appellant's ex-girlfriend, and the

–4–

woman whom appellant recorded without her consent in 2010 all testified about the negative impact appellant's actions had on them.

At the conclusion of the punishment phase of trial, the jury assessed punishment at life imprisonment in each case. This appeal followed.

## DISCUSSION

Appellant raises two issues on appeal. First, he asserts that the jury charge was impermissibly suggestive by placing the paragraph containing the option for a life sentence before the paragraph containing a timeframe of incarceration. Second, he claims that the punishment is so disproportionate to the crimes he was convicted of that it violates the Eighth Amendment of the Constitution and Article One of the Texas Constitution. *See* U.S. CONST. amend. 8; TEX. CONST. art. 1, § 13.

### I. *The jury charge was proper.*

We review jury charge error under a two-pronged test, by looking first to whether the charge is erroneous. *Cyr v. State*, 665 S.W.3d 551, 556 (Tex. Crim. App. 2022) (citing *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013)). Second, if we conclude the charge is erroneous, we ask whether appellant was harmed by the error. *Id.* (citing *Wooten*, 400 S.W.3d at 606; *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005)). Where there was a timely objection, appellant must show she suffered "some harm." *Id.* (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)) (citing TEX. CODE CRIM. PROC. art. 36.19). Where there was no timely objection, appellant must show she

suffered egregious harm, which we determine by considering the jury charge as a whole, the issues raised by the parties, the evidence at trial, and "anything else in the record that informs our analysis." *Id.* (quoting *Lozano v. State*, 636 S.W.3d 25, 29 (Tex. Crim. App. 2021)).

In all three cases, the charged offenses were first-degree felonies subject to either a life sentence or a term between 5 years' and 99 years' confinement and a fine. *See* PENAL § 12.32. Appellant contends that breaking the jury charge into two paragraphs, with the life sentence paragraph first, improperly suggested to the jury to choose that option.

The trial court shall deliver a written charge distinctly setting forth the applicable law to the case. CRIM. PROC. art. 36.14. Generally, a jury charge that tracks statutory language is not erroneous. *Lewis v. State*, No. 14-21-00691-CR, 2023 WL 4873306, at *7 (Tex. App.—Houston [14th Dist.] Aug. 1, 2023, pet. ref'd) (citing *Casey v. State*, 215 S.W.3d 870, 888 (Tex. Crim. App. 2007) (holding that charge tracking language of statute was not erroneous and "declin[ing] appellant's invitation to act as a super-legislature and rewrite [the statute]"); *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) ("Following the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge.")).

The only issue presented to the jury was punishment, which the court broke into two paragraphs that laid out two options for punishment as follows:

> We, the Jury, find the Defendant guilty of Burglary of a Habitation, as charged in the indictment, and assess punishment at LIFE confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and a fine in the amount of $ (answer with a dollar amount or "None").

> **OR,**

> We, the Jury, find the Defendant guilty of Burglary of a Habitation, as charged in the indictment, and assess punishment at _____ (5 to 99) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and a fine in the amount of $ ____ (answer with a dollar amount or "None").

Each charge tracked the relevant statute, setting forth punishment options for the convictions. *See* PENAL § 12.32(a) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years.").

Appellant urges that the charges are erroneous because they provided two separate paragraphs for the jury to choose from in assessing its punishment, instead of one paragraph, which increased the risk that the jury would only consider life confinement instead of the full range of punishment. He similarly argues that by placing the life option first, the charges unfairly drew the jury's attention to it. However, the record is clear the trial court instructed the jury that it must decide whether to sentence appellant to a term between five and ninety-nine years or life in prison. Absent evidence indicating otherwise, we presume the jurors followed the trial court's instructions. *See Estelle v. State*, No. 05-11-00353-CR, 2013 WL

222268, at *4 (Tex. App.—Dallas Jan. 16, 2013, no pet.) (mem. op., not designated for publication) (citing *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009)). There is no evidence the jury in these cases ignored the trial court's instructions and did not consider the full range of punishment. Accordingly, we cannot conclude any of the charges were erroneous.

We overrule Appellant's first issue.

### II. Appellant's Eighth Amendment argument was waived.

In his second issue, appellant asserts his sentences were disproportionate to his crimes. He failed to object to the sentence at trial, but argues that the motion for new trial sufficiently preserved the issue for appeal. *See* TEX. R. APP. P. 33.1(a)(1). An objection must be made at the earliest possible opportunity. *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). A sentencing issue may be preserved by objection at the punishment hearing, or when the sentence is pronounced. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). A defendant may not raise a matter for the first time in a motion for new trial if they had the opportunity to raise it at trial. *Colone v. State*, 573 S.W.3d 249, 260 (Tex. Crim. App. 2019). Even a constitutional right may be forfeited by failure to object at trial. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

Appellant did not object to the verdicts when they were read. He failed to raise any objection after the verdicts and before the conclusion of the hearing. Because there was opportunity at trial to object and appellant failed to do so, he

could not raise the matter for the first time in his motion for new trial. *See Colone*, 573 S.W.3d at 260 (holding appellant failed to preserve due-process complaint in motion for new trial because he had opportunity to raise the matters at trial).

Moreover, even if appellant's complaint about the sentences could have been raised for the first time in his motion for new trial, he was required to "present" that motion to the trial court. *Stokes v. State*, 277 S.W.3d 20, 21 n.1 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 21.6). Rule 21.6 states: "The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." TEX. R. APP. P. 21.6. Nothing in the record indicates appellant sustained the burden of actually delivering the motion to the trial court or otherwise bringing the motion to the attention of the trial court. *See Stokes*, 277 S.W.3d at 22 (listing examples of how record might show presentment, including "obtaining the trial court's ruling on the motion for new trial[,] . . . the judge's signature or notation on a proposed order or by a hearing date set on the docket"). Accordingly, appellant's complaint about his sentence was not properly preserved.

We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgments.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
Tex. R. App. P. 47

230528F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DARIUS TREMAINE BRADFORD, Appellant

No. 05-23-00528-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-83866-2022.
Opinion delivered by Justice Kennedy. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of June, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS TREMAINE BRADFORD,
Appellant

No. 05-23-00529-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-81217-
2023.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 10th day of June, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS TREMAINE BRADFORD,
Appellant

No. 05-23-00530-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-81218-
2023.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 10th day of June, 2024.