

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00114-CR

DEVONTA DESHUN HENDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F1148-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

After a jury found Devonta Deshun Henderson guilty of evading arrest/detention with a motor vehicle, the trial court sentenced him to sixty years' confinement in prison. Henderson appeals, maintaining that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment because it was excessive and grossly disproportionate to his crime. According to the State, Henderson failed to preserve his point of error for appellate review. Because we agree with the State, we affirm the trial court's judgment.

## I.     Preservation Requirement

"To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (quoting *Russell v. State*, 341 S.W.3d 526, 527 (Tex. App.—Fort Worth 2011, no pet.)); *see* TEX. R. APP. P. 33.1; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Duren v. State*, 87 S.W.3d 719, 732 (Tex. App.—Texarkana 2002, pet. struck). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

Henderson did not object at trial to his sixty-year sentence, much less that the sentence violated his constitutional rights. However, Henderson filed a timely motion for new trial. It appears from the record that the motion was overruled by operation of law.

"A defendant is required to 'present' a motion to the trial court within ten days of filing it, unless the court, in its discretion, extends that time period." *Navarro*, 588 S.W.3d at 690–91 (quoting *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 21.6)). Because it is well-established that "the filing of a motion for new trial alone is not sufficient to show 'presentment,'" *id.* at 691 (quoting *Carranza v. State*, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998)), it "does not preserve an issue for appellate review in the absence of a showing that the trial court has seen the motion," *id.* "The purpose of the presentment rule is 'to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it.'"[1] *Id.* (quoting *Stokes*, 277 S.W.3d at 21).

In this case, nothing in the appellate record shows that Henderson's motion for new trial was timely presented to the trial court. "The motion was not hand-delivered to the trial court, there is no notation on the motion indicating that the trial court had seen it, and there is no docket entry showing that the motion was brought to the trial court's attention." *Id.* Conceding that he did not timely present his motion to the trial court, Henderson points out that trial counsel filed his motion for new trial on April 15, 2024, which meant that he would have been required to present that motion to the trial court on or before April 25, 2024. Henderson states, "During the ten-day presentment window[,] trial counsel withdrew and [his] appellate counsel was appointed on April 17, 2024. Appellate counsel was in no position to present the motion to the trial court."

---

[1] Henderson included in his motion a request for a hearing. Regardless, there is nothing in the record to show that he presented the motion in a timely fashion.

Having eight of the allotted ten days remaining in which to present the already prepared motion for new trial to the trial court, Henderson's argument is less than persuasive.

Furthermore, Henderson did not complain that he received a disproportionate sentence in his motion for new trial. Instead, his single-page motion stated,

> The Defendant was convicted in the instant case on April 10, 2024[,] for the offense of EVADING ARREST DET W/VEH. The Defendant was subsequently sentenced to Sixty (60) years in the Texas Department of Criminal Justice. This Motion is timely in that less than 30 days have elapsed since the trial court imposed or suspended sentence in this case.
>
> . . . .
>
> The Defendant in this case should be granted a new trial in this case because the verdict is contrary to the law and the evidence.

But despite the generic language, in his brief, Henderson contends that he did, in fact, preserve the issue in his motion for new trial. The State disagrees with Henderson, citing *Castaneda v. State*, 135 S.W.3d 719 (Tex. App.—Dallas 2003, no pet.). In that case, Castaneda was convicted of burglary of a habitation, enhanced by two prior felony convictions. He was sentenced to thirty years' confinement in prison. On appeal, Castaneda maintained, among other things, that his punishment violated the cruel and unusual punishment clause. *Id.* at 720. Castaneda did not object or argue at trial that the thirty-year sentence violated his constitutional rights. And, although he filed a motion for new trial, the Dallas Court of Appeals determined that he did not raise the issue in the post-trial motion. *Id.* at 723. In making that determination, the appellate court noted, "Appellant's motion for new trial merely alleges 'the verdict is contrary to the law and the evidence.'" *Id.* at n.1.

4

Despite the almost identical circumstances in this case, Henderson maintains, without directing this Court to any legal authority, that, because his motion for new trial contained the statement that he had been sentenced to sixty years' confinement in prison as a result of his conviction, that statement somehow transformed into an asserted complaint that the trial court assessed a sentence that was grossly disproportionate, resulting in a violation of his constitutional rights. Again, we find Henderson's argument to be less than persuasive.

Lastly, in his reply brief, Henderson asserts, for the first time, that his sentence was "a violation of a right so fundamental that he was not required to object at the trial court in order to preserve the issue for appeal." In support of his position, Henderson goes into great detail as to when and why federal courts are willing to analyze an asserted claim of an Eighth Amendment violation even when error has not been preserved. According to Henderson, "in snarky terms, the federal system appears to hold the Eighth Amendment in higher regard than Texas does." Henderson concedes that, in Texas, as a general rule, "the Eighth Amendment is not considered a substantial right which is reviewed for fundamental error."[2] Yet, despite that, Henderson maintains that the "Court Should Analyze [his] Unpreserved Disproportionality Claim Because the Right to a Sentence Proportionate to the Offense is a Substantial Right the Violation of Which Constitutes Fundamental Error."

We find no convincing reason to treat this case any differently than the majority of other cases in which Texas appellate courts have addressed claims of disproportionate sentences and/or

---

[2]Henderson cites "*Curry* . . . , 910 S.W.2d [at] 497–98) . . . ; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (Such claims have been held not to be so fundamental as to relieve the appellant of the requirement of a timely, specific objection at trial.)."

asserted Eighth Amendment violations. Those types of claims must be preserved for appellate review. Because Henderson did not object to the assessment of his sixty-year sentence at trial, he did not timely present his motion for new trial to the trial court, and his motion did not contain the requisite specificity in regard to a disproportionality or Eighth Amendment violation claim, we conclude that he did not preserve error for appellate review. "A reviewing court should not address the merits of an issue that has not been preserved for appeal." *Sandoval v. State*, 409 S.W.3d 259, 287 (Tex. App.—Austin 2013, no pet.) (citing *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g)).

## II.     Conclusion

We affirm the judgment of the trial court.


Scott E. Stevens
Chief Justice


Date Submitted:     January 29, 2025
Date Decided:       February 5, 2025

Do Not Publish