PD-0373-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/31/2015 3:37:33 PM
Accepted 4/1/2015 4:59:23 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
# OF AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| **LUIS ALFREDO PEREZ,** | § | |
| Appellant | § | |
| | § | NO._____ |
| vs. | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| Appellee | § | |

## ON PETITION FOR DISCRETIONARY REVIEW FROM THE DECISION
## OF THE COURT OF APPEALS FOR
## THE EIGHTH DISTRICT OF TEXAS, AT EL PASO, TEXAS
## IN CAUSE NO. 08-13-00103-CR
## AFFIRMING APPELLANT'S CONVICTION AND SENTENCE
## IN CAUSE NO. 1245990D
## HONORABLE LOUIS E. STURNS, PRESIDING
## FROM THE 213TH DISTRICT COURT OF
## TARRANT COUNTY, TEXAS

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

April 1, 2015

**Richard A. Henderson**
**State Bar No. 09427100**

ABEL ACOSTA, CLERK

**RICHARD A. HENDERSON, P.C.**
**100 Throckmorton Street, Suite 540**
**Fort Worth, Texas 76102**
**817-332-9602 - Telephone**
**817-335-3940 – Facsimile**
*richard@rahenderson.com*

**ATTORNEY FOR APPELLANT, LUIS ALFREDO PEREZ**

# SUBJECT INDEX

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................ 1

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT OF PROCEDURAL HISTORY ................................................ 1

GROUNDS FOR REVIEW ............................................................................. 1

REASONS FOR REVIEW .............................................................................. 1

      GROUND ONE ........................................................................................ 1

CONCLUSION AND PRAYER ....................................................................... 4

CERTIFICATE OF COMPLIANCE .............................................................. 5

CERTIFICATE OF SERVICE ........................................................................ 5

APPENDICES .................................................................................................. 6

      Appendix "A"

      (Opinion of the Court of Appeals Eighth District of Texas, El Paso,Texas)

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties pursuant to Texas Rules of Appellate Procedure 68.4(a):

1. **Mr. Luis Alfredo Perez, TDC#01840600**
   **3899 State Hwy 98**
   **New Boston, Texas 75570**
   **Defendant/Appellant**

2. **Ms. Rose Anna Salinas**
   1214 Fairmount Avenue
   Fort Worth, Texas 76104
   **Trial Attorney**

3. **THE STATE OF TEXAS**
   **Ms. Tasha S. Foster**
   Trial Counsel
   Tarrant County District Attorney's Office
   **Mr. Charles Mallin**
   Former Chief of Appellate
   Tarrant County District Attorney's Office
   **Mr. Joe Shannon, Jr.**
   Former Criminal District Attorney
   Tarrant County, Texas

   **Ms. Debra Windsor, Benson Varghese**
   Appellate Counsel for Appellee
   Tarrant County District Attorney's Office
   **Ms. Sharen Wilson**
   Criminal District Attorney
   Tarrant County, Texas
   401 W. Belknap Street, Fort Worth, Texas 76196
   **Plaintiff /Appellee**

4. **Honorable Louis E. Sturns**
   Judge, 213th District Court
   401 W. Belknap Street
   Fort Worth, Texas 76196
   **Trial Judge**

5. **Richard A. Henderson**
   Richard A. Henderson, P.C.
   100 Throckmorton Street, Suite 540
   Fort Worth, Texas 76102
   **Attorney for Appellant**

# TABLE OF AUTHORITIES

## CASES

*Acosta v. State,*
  160 S.W.3d 204 (Tex. App.—Ft. Worth 2005 no pet.)........................................3

*Calhoun v. State,*
  214 S.W.335 (Tex. Crim. App. 1919).................................................................3

*Delacruz v. State,*
  167 S.W.3d 904 (Tex. App.—Texarkana 2005) .................................................3

*Harmelin v. Michigan,*
  501 U.S. 957 (1991) ...........................................................................................3

*Jordan v. State,*
  495 S.W.2d 949, 952 (Tex.Crim. App. 1973).....................................................3

*McGruder v. Puckett,*
  954 F2d 316 (5th Cir.) cert denied 506 U.S. 849 (1992) ................................3

## CONSTITUTIONS:

8th Amendment of the United States Constitution.................................................3

Article 1 Section 13 of the Texas Constitution .......................................................3

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would aid the court in deciding the critical issues presented.

## STATEMENT OF THE CASE

Appellant pleaded guilty to murder before the court and was sentenced to fifty (50) years by the trial court after a presentence report and punishment hearing.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals issued its Opinion affirming the conviction on March 4, 2015. No Motion for Rehearing was filed. This Petition for Discretionary Review is timely if filed on or before April 3, 2015.

## GROUNDS FOR REVIEW

GROUND ONE: Is a ruling on a Motion for New Trial necessary when Appellant complains that his punishment was cruel and unusual and disproportionate?

## REASONS FOR REVIEW

**Reason for Review  Ground One:**

The Appellate Court in its opinion ruled that Appellant had failed to preserve the issue of cruel and unusual punishment and disproportionality of the punishment

1

by not presenting the motion for new trial to the trial court and obtaining a ruling. The Appellate court stated that by not objecting at the sentencing hearing and by not presenting the Motion for New Trial to the trial court that Appellant failed to give the trial court notice that Appellant wanted the trial court to take some action ostensibly to correct its error.

With all due respect, Appellant believes that the trial court knows if a punishment is cruel and unusual and/or disproportionate without an objection or a Motion for New Trial.

A short summary of the facts is as follows:

Appellant and his significant other, Nubia Perez, were having problems getting along and with visitation of their two young children after a stormy relationship. Each was charged with assaults on the other. Nubia believed that Appellant was an alcoholic and their altercations occurred when Appellant had been drinking. The couple had separated and reconciled various times.

On July 3, 2011, Nubia was staying with her mother, Maria Ramirez at an apartment in Arlington, Texas in Tarrant County, Appellant wanted to take the children for a visitation. Nubia refused. Appellant came to the apartment to

2

confront Nubia. Maria went outside to confront Appellant. After a conversation, Appellant pulled out a gun and shot Maria. She died of this gunshot wound.

Appellant is twenty-five (25) years old. The sentence is double his current age. The mitigating circumstances of his life as testified to by his relatives and friends were that this was not the Appellant that they knew and urged and testified to his good character. They testified that Appellant was a loving father and a hard worker. They urged the judge to impose a reasonable sentence.

Appellant believes his punishment of fifty (50) years is cruel and unusual and disproportionate and violates both the 8th Amendment of the United States Constitution and Article 1 Section 13 of the Texas Constitution, *Calhoun v. State,* 214 S.W.335 (Tex. Crim. App. 1919); *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim. App. 1973); *Delacruz v. State,* 167 S.W.3d 904 (Tex. App.—Texarkana 2005); *Acosta v. State,* 160 S.W.3d 204; (Tex.App.—Ft. Worth 2005 no pet.); *McGruder v. Puckett,* 954 F2d 316 (5th Cir.) cert denied 506 U.S. 849 (1992) and *Harmelin v. Michigan,* 501 U.S. 957 (1991).

The Appellate court never reached the merits of the appeal because they stated that Appellant had essentially waived the error. Appellant urges this court to grant his petition and order the Court of Appeals to consider the merits of his appeal.

3

## CONCLUSION AND PRAYER

WHEREFORE, Appellant respectfully prays that this Court reverse the decision of the Court of Appeals and the Trial Court and remand this cause to the court of Appeals and to order the trial court to conduct a new trial.

Respectfully Submitted,

RICHARD A. HENDERSON, P.C.
Two City Place
100 Throckmorton Street, Suite 540
Fort Worth, Texas 76102
(Telephone) 817-332-9602
(Telecopier) 817-335-3940
E-mail: *richard@rahenderson.com*

By: _____
Richard A. Henderson
State Bar No. 09427100

**ATTORNEY FOR APPELLANT**

4

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex.R. App. Proc. 9.4(e), because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex.R.App.P. Rule 9.4(i), because it contains 1,245 words, excluding any parts exempted by Tex.R.App.Proc 9.4(i) (1), as computed by the word-count feature of Microsoft Office Word 2010, the computer program used to prepare the document.

_____
Richard A. Henderson


## CERTIFICATE OF SERVICE

A true copy of the foregoing document has been electronically served on opposing counsel, Ms. Debra Windsor, Assistant District Attorney, Chief of Appellant Section, Tarrant County District Attorney's office, 401 W Belknap Street, Fort Worth, Texas 76196 and mailed U.S. Regular Mail to Appellant, Mr. Luis Alfredo Perez, TDCJ #1840600, Telford Unit, 3899 State Hwy 98, New Boston, Texas 75570 on this the 31st day of March 2015.

_____
Richard A. Henderson

5

# APPENDICES

# APPENDIX "A"

## OPINION/JUDGMENT
## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS



## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | § | |
|---|---|---|
| LUIS ALFREDO PEREZ, | | No. 08-13-00103-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 213th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 1245990D) |
| | § | |

## **O P I N I O N**

Luis Alfredo Perez appeals his conviction of murder. Appellant waived his right to a jury trial and entered an open plea of guilty before the trial court. The trial court assessed punishment at imprisonment for a term of fifty years. Finding no error, we affirm.[1]

### DISPROPORTIONATE SENTENCE

In his sole issue, Appellant contends that the sentence of fifty years is constitutionally disproportionate and constituted cruel and unusual punishment in violation of the Eighth Amendment and Article 1, Section 13 of the Texas Constitution. The State responds that

---

[1] This appeal was transferred from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We have applied precedent of the Second Court of Appeals as required by TEX.R.APP.P. 41.3.

Appellant failed to preserve error because he did not present his motion for new trial to the trial court.

To present a complaint on appeal, the record must show that the party brought the error to the attention of the trial court by a timely and specific request, objection, or motion. TEX.R.APP.P. 33.1(a). The defendant can preserve a complaint that a sentence is disproportionate for the crime or circumstances particular to the defendant's case by making a timely and specific objection when sentence is pronounced or by raising it in a motion for new trial. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Kim v. State*, 283 S.W.3d 473, 475 (Tex.App.--Fort Worth 2009, pet. ref'd). Appellant did not object when the trial court pronounced sentence, but he filed a motion for new trial asserting that his sentence was constitutionally disproportionate. To preserve an issue by motion for new trial in a criminal case, the defendant must present the motion to the trial court within ten days of filing it unless the trial court permits it to be presented and heard within seventy-five days from the date sentence was imposed or suspended in open court. TEX.R.APP.P. 21.6. The purpose of Rule 21.6 is "to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex.Crim.App. 2009), *quoting Carranza v. State*, 960 S.W.2d 76, 78 (Tex.Crim.App. 1998). The filing of a motion for new trial alone is not sufficient to show presentment. *Stokes*, 277 S.W.3d at 21. The record must show that the trial court has actual notice of the motion. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex.App.--Fort Worth 2010, pet. ref'd). Presentment can be accomplished in several ways, including by obtaining a ruling on

the motion for new trial, the trial judge's signature or notation on a proposed order, or a hearing date on the docket sheet. *See Stokes*, 277 S.W.3d at 21-22; *Carranza*, 960 S.W.2d at 79; *Burrus v. State*, 266 S.W.3d 107, 115 (Tex.App.--Fort Worth 2008, no pet.).

Appellant raised the disproportionate sentence issue in his timely filed motion for new trial, but there is nothing in the record showing that he presented the motion to the trial court. Consequently, we find that Appellant failed to preserve this issue. *See Richardson*, 328 S.W.3d

March 4, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)

(Do Not Publish)



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LUIS ALFREDO PEREZ, | § | No. 08-13-00103-CR |
| Appellant, | § | Appeal from |
| v. | § | 213th District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1245990D) |
| | § | |

## JUDGMENT

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 4TH DAY OF MARCH, 2015.

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, J., and Barajas, C.J., (Senior Judge)
(Barajas, C.J., Senior Judge, sitting by assignment)