**Abated, Remanded, and Abatement Order on Rehearing filed July 14, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00209-CR

---

**TAYLOR GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1596766**

---

## ABATEMENT ORDER ON REHEARING

Appellant Taylor Guillory filed a motion for rehearing challenging our prior holding that his motion for new trial was not presented to the trial court. We **grant** appellant's motion for rehearing and withdraw our prior opinion dated November 18, 2021.

Appellant challenges his conviction for aggravated assault with a deadly weapon, asserting that he received ineffective assistance of counsel and the trial

court erred in failing to grant him a new trial. Concluding that appellant was entitled to a hearing on his motion for new trial, we abate the case and remand for the trial court to hold a hearing.[1]

### *Background*

After a jury found appellant guilty and assessed punishment, appellant filed a timely motion for new trial, along with a certificate of presentment requesting a hearing. Appellant asserted, in relevant part, that he received ineffective assistance of counsel for his trial counsel's failures to investigate and present mitigating evidence of appellant's mental health history during the punishment phase of trial.

Appellant submitted an affidavit in which he attested,

> I was in the hospital . . . in December of 2019. I was at HCPC in 2017 and Belaire Behavioral Hospital in 2016. I was diagnosed with bi-polar disorder, anxiety, ADHD, and Insomnia. Outside of jail I was taking Depakote, [A]dderall, Ativan and Ambien. In jail I was taking valp[ro]ic acid and Trazodone. I brought this up with my trial lawyer . . . but it was not presented to the Judge.[2]

After appellant filed the motion for new trial, the trial court stopped conducting non-essential proceedings in public due to the COVID-19 pandemic, which we discuss in further detail below. The motion for new trial was overruled by operation of law without a hearing.

### *Discussion*

Appellant contends that he received ineffective assistance because his attorney failed, among other things, to investigate or present mitigating evidence of

---

[1] *See Castro v. State*, No. 14-19-00679-CR, 2021 WL 3779062, at *1 (Tex. App.—Houston [14th Dist.] Aug. 26, 2021) (abatement order).

[2] HCPC is not defined in the record but may be an acronym for Harris County Psychiatric Center. *See* UT Health, https://hcpc.uth.edu (last visited July 11, 2022).

appellant's mental health history during the punishment phase of his trial. First, we address the State's argument that appellant's motion for new trial was never presented to the trial court. Then, we turn to appellant's argument that he was entitled to a hearing on his motion for new trial. Because we conclude that appellant was entitled to a hearing on his motion for new trial, we do not address whether he received ineffective assistance.[3]

## I.     Presentment Was Made

In our prior opinion, we concluded that appellant did not show he timely presented his motion for new trial to the trial court and thus the trial court did not abuse its discretion in allowing the motion to be denied by operation of law or failing to conduct a hearing on the motion. On rehearing, appellant argued that in the time between his sentencing and filing his motion for new trial, state and local governments declared a state of disaster due to the COVID-19 pandemic, Governor Abbott issued an executive order restricting social gatherings, and the Office of Court Administration directed courts not to conduct non-essential proceedings in person. Appellant's attorney thus emailed the trial court to ask how to present the motion. He and the prosecuting attorney received an email from the trial judge acknowledging receipt of the motion and stating that she would sign the certificate of presentment that day. There is not a signed certificate of presentment in the record. Accordingly, we abated the case and directed the trial court to sign findings of fact and conclusions of law addressing whether appellant's motion for new trial was presented to the trial court. The trial court then supplemented the record with findings of fact and conclusions of law, and we reinstated the case.

---

[3] Because the trial court could grant a new trial on remand and moot this issue or evidence related to this issue might be introduced at the hearing, we decline to address at this time whether appellant received ineffective assistance of counsel. *See Walker v. State*, No. 14-18-00601-CR, 2020 WL 3892756, at *3 n.3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2020) (abatement order).

The trial court found that appellant filed his motion for new trial on March 23, 2020. Trial counsel approached the trial court concerning the motion "during the beginning of the pandemic." The trial court instructed trial counsel that due to the governor's state of disaster declaration, the trial court would not hold any hearings but agreed to postpone the matter. The trial court concluded that because trial counsel approached the court concerning the motion, presentment was made to the trial court. The trial court also concluded that although the exact date trial counsel approached the court was unclear, "it was the Court's intention to sign the certificate of presentment on March 30, 2020."[4]

A defendant must present a motion for new trial to the trial court within ten days of filing it. Tex. R. App. P. 21.6. "The purpose of the presentment rule is to put the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). There are many ways to show presentment. *Id*. at 24. Merely filing a motion is not enough, but a defendant need only show that the trial court had actual notice that the defendant sought a ruling or a hearing on the motion for new trial. *Id*. at 21, 24. "Presentment" must be apparent from the record. *Gardner v. State*, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009). Presentment can be shown by such proof as the judge's signature or notation on the motion or proposed order or a docket entry showing presentment or setting a hearing date. *Id*. A defendant is only required to show that he delivered the motion to the trial court or "otherwise [brought] the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998).

As mentioned, appellant filed the motion for new trial on March 23, 2020, and

---

[4] The trial court further found that it intended to "hold a hearing, whether in person or by affidavit, and rule on [a]ppellant's motion for new trial."

the trial court found that it had been presented with the motion when trial counsel approached the court concerning the motion. Appellant also filed a certificate of presentment requesting a hearing on the motion. The trial court concluded that it intended to sign the certificate of presentment on March 30, 2020. We conclude that appellant has shown on this record that he brought the motion to the trial court's attention in a timely manner, and thus it was presented to the trial court. *E.g., Gardner*, 306 S.W.3d at 305 (stating presentment can be shown by entry on docket sheet showing presentment or setting hearing); *Stokes*, 277 S.W.3d at 24-25 (holding unsigned docket-sheet entry, "Motion New Trial presented to court no ruling per judge," was sufficient to show motion was presented to trial court); *Thomas v. State*, 286 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2009) (abatement order) (holding trial court's appointment of counsel requested in motion for new trial showed trial court had actual notice of motion for new trial). We turn to the merits of the issue.

## II.     Entitlement to Hearing

The purpose of a hearing on a motion for new trial is to decide whether the cause should be retried and to prepare a record for appeal. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). Such a hearing is not an absolute right. *Id*. To be entitled to a hearing, the movant must raise matters not determinable from the record and establish reasonable grounds showing he could be entitled to relief. *Id*. at 339. The motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id*. Affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed. *Id*.

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Id*. We reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might

disagree. *Id*. To be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of the trial would have been different. *Id*. at 340-41 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (requiring defendant seeking to challenge counsel's representation to establish counsel's performance was deficient and prejudiced his defense)).

Keeping these standards in mind, we turn to whether appellant showed his entitlement to a hearing on his motion for new trial by raising matters that are not determinable from the record and presenting reasonable grounds on which he could potentially be entitled to relief. Appellant asserts that he received ineffective assistance because, among other things, his attorney purportedly failed to investigate and present mitigating evidence of appellant's history of mental illness. Appellant contends that trial counsel was aware of appellant's mental illness and treatment history and that testimony from appellant's mother at his bond hearing should have generated further investigation.

**Lack of Investigation**. Appellant argues that his mother's testimony at his bond hearing shows his trial counsel "knew the issue existed and merited further investigation." His mother testified at the bond hearing that appellant had certain mental health issues, including "[a]ggressive behaviors[.] Slightly maybe bipolar. ADHD for sure." According to his mother, appellant had been under the care of mental health professionals and was taking medication off and on for years. Appellant contends this information should have prompted his trial counsel to conduct further investigations.

Failure to conduct an adequate investigation may constitute ineffective

assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 521–23 (2003). As the Supreme Court said in *Strickland*, "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. A claim for ineffective assistance based on trial counsel's failure to investigate generally fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case. *Stokes v. State*, 298 S.W.3d 428, 432 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *Cooks v. State*, 240 S.W.3d 906, 912 (Tex. Crim. App. 2007)).

As we noted in our prior opinion in this case, the record is silent as to what investigative steps counsel took and what conclusions he may have subsequently drawn. *See, e.g., Brown v. State*, 129 S.W.3d 762, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("We will not assume that counsel did not investigate a defense when the record is merely silent as to the depth of counsel's investigation.") (citing *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)). When the record is silent as to counsel's trial strategy, we may not speculate about why counsel acted as he did. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). However, appellant also contends that he received ineffective assistance based on trial counsel's failure to present mitigating evidence.

**Failure to Present Mitigating Evidence of Mental Health History**. Appellant argues that his trial counsel should have offered additional mitigating evidence of his mental health history at his punishment hearing. In particular, appellant argues that his counsel should have introduced more information regarding appellant's diagnoses, the medications he took, and the seriousness of his mental health struggles to explain the cause of appellant's behavior and the steps that could be taken to prevent the behavior in the future.

An appellant is required to show that mitigating evidence was available before he can establish ineffective assistance based on a failure to present mitigating evidence. *See Bone v. State*, 77 S.W.3d 828, 834–35 (Tex. Crim. App. 2002). Evidence of a defendant's mental health history can be used as mitigating evidence. *Moore v. State*, 584 S.W.3d 524, 541 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (Hassan, J., dissenting) (citing *Lampkin v. State*, 470 S.W.3d 876, 910 (Tex. App.—Texarkana 2015, pet. ref'd)).

In addition to the testimony adduced from appellant's mother at the bond hearing, appellant presented an affidavit in support of his motion for new trial in which he attested that he had been hospitalized for mental health disorders and diagnosed with bipolar disorder, anxiety, ADHD, and insomnia and was taking various medications for these conditions. He also attested that he raised this issue with his trial attorney but "it was not presented to the judge."[5] Appellant's affidavit, coupled with his mother's testimony at the bond hearing regarding his mental health history, show that mitigating evidence was available and his attorney knew about it but failed to present it at trial. Appellant has thus shown that there are matters not determinable from the record involving available mitigating evidence that was not presented at trial.

Appellant was also required to establish reasonable grounds showing he could be entitled to relief. We examine the totality of the evidence to determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018) (quoting *Strickland*, 466 U.S. at

---

[5] We previously noted that there was no evidence that the trial court was presented with the motion and affidavit. On rehearing, we now conclude that the trial court was presented with this information as shown by its findings and conclusions.

695-96). If the deficient performance might have affected a punishment verdict, the relevant issue is whether there is a reasonable probability that, absent the errors, the sentencer would have assessed a more lenient punishment. *Id.*

The only evidence of appellant's mental health history adduced during the punishment hearing was testimony from appellant's mother that her son was "off balance from time to time" and "had ADHD at one point, borderline bipolar." She also said he had received medical attention and was on medication. This testimony took up about one page of the approximately 100 pages in the punishment hearing record. And it did not convey to the jury the potential seriousness of appellant's mental health struggles or how appellant's struggles might have affected his behavior.

The State also introduced and the trial court admitted appellant's juvenile records, which included a judgment adjudicating an offense against appellant and ordering him to undergo a psychological evaluation. The State published the exhibit to the jury, but the prosecutor did not discuss or otherwise point out the order for the psychological evaluation, so that information was not highlighted to the jury.

The jury was instructed on the range of punishment from two to twenty years' incarceration but was also instructed that appellant was eligible for community supervision if the jury recommended it. Defense counsel asked the jury for community supervision but only briefly touched on appellant's mental health history. In fact, defense counsel affirmatively stated, "We never know how mental health causes us to act because there's no magic formula to deal with mental health." He also stated that he did not know how ADHD affects behavior but "generally speaking, mental health does play a role." He did not explain to the jury that appellant's mental health history could be a mitigating factor as to punishment. The jury elected not to recommend community supervision and assessed punishment at

five years' incarceration.

We conclude based on this evidence that appellant has shown he could be entitled to relief and was entitled to a hearing on his motion for new trial. But for trial counsel's failure to adduce mitigating evidence as to appellant's mental health history and put it in the proper context for the jury, we conclude there is a reasonable probability that the jury would have assessed a more lenient punishment. To obtain a hearing, appellant was required only to allege facts that he "could potentially be entitled to relief." *See, e.g., Castro v. State*, No. 14-19-00679-CR, 2021 WL 3779062, at *3-4 (Tex. App.—Houston [14th Dist.] Aug. 26, 2021) (abatement order); *Walker v. State*, No. 14-18-00601-CR, 2020 WL 3892756, at *5 (Tex. App.—Houston [14th Dist.] Mar. 17, 2020) (abatement order). His motion and his affidavit show that he has met that burden. Accordingly, the trial court abused its discretion in not holding a hearing on the motion for new trial.[6]

### *Conclusion*

Appellant was entitled to a hearing on his motion for new trial, so we sustain his issue complaining of the trial court's failure to conduct a hearing. We abate this appeal and remand to the trial court to conduct a hearing on appellant's motion for new trial on or before August 15, 2022. The judge shall see that a record is made and shall order the court reporter and the trial clerk to forward a transcribed record of the hearing and a supplemental clerk's record containing the trial court's signed order ruling on the motion for new trial. Those records shall be filed with the clerk of this court on or before **September 15, 2022**. *See Walker*, 2020 WL 3892756, at *6.

---

[6] As noted, the trial court indeed stated in its findings of fact that it had intended to "hold a hearing, whether in person or by affidavit, and rule on [a]ppellant's motion for new trial."

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after the supplemental reporter's and clerk's records are filed. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of the date and time of the hearing. *See id.*


PER CURIAM


Panel consists of Justices Wise, Bourliot, and Zimmerer.

Publish — Tex. R. App. P. 47.2(b).